No. 16,475.

The American Furniture Company *v.* The Town of Batesville.

NUISANCE.— *Towns.—Power to Abate Nuisance.—Right to Resort to Courts.*—The power conferred by statute upon incorporated towns to declare and abate nuisances does not exclude a resort to the courts for such purpose.

SAME.—*Obstruction of Way.—Insufficient Description.—Decree.—Modification.*—Where, in a suit by a town to abate an obstruction in a highway, the complaint and verdict are so uncertain as to the location of the obstruction that no definite order of abatement can be based thereon, a motion to modify the decree so as to eliminate the order of abatement should be sustained.

REMEDY.—*Choice of Concurring Remedies.—Effect of.*—Where there are concurring effectual remedies, the choice and uninterrupted prosecution of one excludes the other.

From the Ripley Circuit Court.

*C. K. Bagot* and *A. Stockinger,* for appellant.

*J. H. Connelley, M. R. Connelley* and *J. B. Rebuck,* for appellee.

HACKNEY, C. J.—The action herein was by the appellee, as an incorporated town, to declare an obstruction of one of her streets a nuisance, for the abatement of such obstruction, and for damages.

The appellant first complains of the action of the circuit court in overruling a demurrer to the first and second paragraphs of complaint. The point urged is that by section 3333, subdivision 4, R. S. 1881, towns possess the power "to declare what shall constitute a nuisance, and to prevent, abate and remove the same"; that such power permits a remedy excluding a resort to the courts for such purposes.

The argument is also made that, under the power conferred by the statute, the town could proceed to declare

the obstruction a nuisance, and to abate it by the action of its trustees, notwithstanding a prior adverse adjudication by the courts, if resort to the courts may be had.

We can not concur in this contention. If there are concurring effectual remedies, the choice and uninterrupted prosecution of one excludes the other. *Buscher* v. *Knapp*, 107 Ind. 340; *Traders' Ins. Co.* v. *Carpenter*, 85 Ind. 350; *Klebar* v. *Town of Corydon*, 80 Ind. 95; *Searle* v. *Whipperman*, 79 Ind. 424; *Dunkle* v. *Elston*, 71 Ind. 585; *Ney* v. *Swinney*, 36 Ind. 454.

The insistence is that the summary remedy possessed by the town is exclusive of the remedy adopted, and precludes a resort to the courts.

In support of this point, counsel cite *Storms* v. *Stevens*, 104 Ind. 46, where it is held that a statute creating a new right and prescribing the mode of its enforcement excludes all other remedies.

The summary abatement of a nuisance was a right which existed at common law in favor of the individual sustaining special injury from such nuisance, and the statute in question but confers that right upon the municipal corporation. It is not a new right. It should be remembered, also, that it is by proceeding *in rem,* and not *in personam,* for herein lies a distinction in the proceeding here in review. The power extended to towns does not permit proceedings *in personam,* and in the nature of civil actions which affect particular persons, but, like other corporate powers, must be exercised by and through ordinances, general in their character and affecting alike all the property or all the business of all of the citizens under like conditions, occupying like situations and conducted in like manner. *City of Plymouth* v. *Schultheis,* 135 Ind. 339.

Therefore, it would not be possible for the appellee to adopt the remedy here adopted, a remedy which is per-

sonal in its character, and one which invokes the equity jurisdiction of the court to restrain the person from the further maintenance of that which obstructs the way and affects the corporate rights.

It is true that the complaint asks to declare the ob- ·struction a nuisance, and to abate it, but this remedy is sought by and through that jurisdiction which the court may exercise, in the first instance, over the alleged offender. Authors and the judges speak of the enjoining of nuisances in the same sense as of the abatement of nuisances, and, in a general way, there is no distinction. The abatement, in one instance, is accomplished through the restraining influence of the court over the defendant, and, in the other, it is by and through its officers under a decree against the defendant, where, as we have said, the proceeding is *in personam.* But, whatever distinctions may properly exist, it is certain that towns may not, in their corporate capacity, proceed by adversary methods, before their own trustees, to adjudge a particular property or structure a nuisance, and, by order against the owner, secure its abatement.

In the case of *Cheek* v. *City of Aurora*, 92 Ind. 107, the city had threatened to abate an obstruction of a street as a nuisance, and the owner of the obstruction instituted suit to enjoin the city from its threatened action. The city, by cross-complaint, sought to declare the obstruction a nuisance, and prayed that, as such, it be abated and the owner enjoined. Upon such cross-complaint, the city succeeded, and objection was made that the remedy afforded by the statute enabled the city to abate the nuisance, and excluded any remedy by the courts. This court held, quoting from Dillon's Munic. Corp., section 659, that "where, by its charter or constituent act, a municipality has the usual control and supervision of the streets and public places, it may, in its corporate

name, institute judicial proceedings to prevent or remove obstructions thereon.''

It is there further said that ''the city might have resorted, in the first instance, to an independent, action seeking the relief obtained in this suit; and the facts which, in such independent action, would have entitled the city to such relief, constituted proper ground of counterclaim in this action.''

The statute in question gives the power to ''prevent,'' as well as to abate, nuisances, and it could as well be contended that this power would preclude the exercise of the equitable jurisdiction of the courts to enjoin the threatened erection of a nuisance within the town (a power certainly possessed. See Wood on Nuisances, p. 889), as to insist that such jurisdiction is denied by the possession of the power to abate.

Statutes do not, as a rule, take away previous remedies at common law, unless such an intention is declared, but they are held to be cumulative remedies. See *People* v. *Vanderbilt*, 26 N. Y. 287.

We conclude, therefore, that the complaint is not bad for any of the reasons urged by the appellant.

The complaint, in its first paragraph, describes the obstruction as upon Main street, and, in the second, as 'in a highway running north and south through said town. The general verdict finds an obstruction of ''the highway as complained.'' The decree of the court directed the abatement of the obstruction, describing it as ''in the highway between the intersection of Catherine street and the Napoleon road, in the town,'' and ordered the removal of the obstruction ''from the highway for a distance of twenty-five feet west from the east line of Main street in said town.''

The court overruled the appellant's motion to modify the decree so as to eliminate the order of abatement. One

ground of the motion was that neither the pleadings nor the verdict sufficiently described the way obstructed as to authorize the description thereof made in the decree. Accepting the general verdict as referring to Main street, by the use of the word "highway," and the decree would probably be authorized, as Main street is a way which, from its name, can be definitely known and its obstruction located. Indeed, to describe a street by name, and to charge generally its obstruction, would be sufficient in a complaint or indictment, and would, of course, be sufficient in a decree. *State* v. *Buxton*, 31 Ind. 67; Elliott Roads and Streets, p. 494.

The fact, therefore, that the decree more particularly described the location of the obstruction upon such street as between certain intersections would not defeat the decree. But it will be observed that the general verdict follows the second paragraph of complaint in designating the way obstructed as "the highway, as complained," and, in answer to special interrogatories, it was found to be a "way running in the same general direction as Main street * *, from the intersection of Main and Catherine streets to the Napoleon and Brookville road"; that it was a "public highway" and in width "twenty-five feet west from the east line of Main street."

Looking to these answers to interrogatories, as interpreting the general verdict, the obstruction found and included in the decree could not have been upon Main street, but was upon some public highway running in the same general direction as Main street and between the intersections named. The verdict, aided by the answers to interrogatories, though more definite than the allegations of the complaint, was not sufficiently definite to enable one to learn from it where the obstruction might be found. Whether the highway, at the point of

obstruction, was within the limits of the town we have no means of knowing, and if advised that it was we do not know, from the record, that it was the only public highway so running between said intersections. The decree is as definite as the verdict so aided by the answers to interrogatories, but we can not say that it can be made certain in the location of such way. We do not inquire as to the right of the town to abate an obstruction upon a public highway not a street within its own limits. We do hold that the motion to modify the decree should have prevailed because no definite order could be based upon the complaint or verdict.

By assignment of cross-error the appellee insists that the court erred in sustaining a demurrer to the third paragraph of complaint. If attacked for the reasons argued before us, as to the first and second paragraphs, the paragraph should not have gone down, but as the demurrer was for want of sufficient facts we can not say that the court did not conclude that it was insufficient because it did not sufficiently designate the way obstructed, the allegations being as imperfect as those of the second paragraph with reference to the way. It was not, therefore, error to sustain said demurrer.

The judgment is reversed, with instructions to sustain the appellants' motion to modify the judgment.

Filed Oct. 17, 1894.