## COHOON v. FISHER.

[No. 17,971.    Filed Sept. 25, 1896.    Rehearing denied Jan. 14, 1897.]

PLEADING.—*Amended Complaint.*—A complaint to rescind a contract for the dissolution of a partnership on account of fraud, and for the appointment of a receiver, may be amended so as to become a complaint for damages for fraud alleged to have been perpetrated by defendant.

ELECTION OF REMEDIES.—*When Prosecution of Concurrent Remedy is Barred.*—The prosecution of one remedy must either be pending or have been prosecuted to final determination to bar or exclude another concurrent remedy for the same right.

SUPREME COURT.—*Its Decisions Binding on All Courts of the State.*—A decision of the Supreme Court is not only binding on all the inferior courts in the State, but it is binding on the Supreme Court until the decision is overruled.

From the Montgomery Circuit Court.    *Reversed.*

*M. E. Clodfelter*, for appellant.

*G. W. Paul* and *H. D. Van Cleave*, for appellee.

McCABE, J.—The errors assigned in this case are based on the action of the circuit court in overruling a demurrer to the fourth paragraph of the defendant's answer and sustaining a demurrer to the second paragraph of the plaintiff's reply. The ground of each demurrer was want of sufficient facts.

It appears, from the fourth paragraph of the answer and the record, that the complaint to which it is addressed is an amended complaint; and it seeks to recover damages for fraud alleged to have been perpetrated by the defendant, appellee, upon the appellant in a contract of dissolution of an alleged partnership between them in the hardware business.

It also appears that the original complaint, before it was amended, sought to rescind the same contract

on account of the fraud, and asked for the appointment of a receiver. These facts are alleged at great length, and that the court refused to appoint a receiver. The answer seeks to bar the amended complaint because in the original complaint the remedy sought was a rescission of the contract on account of fraud, and in the amended complaint the remedy invoked was to recover damages on account of the alleged fraud.

In support of the ruling of the circuit court it is contended that the two remedies are inconsistent, and that one having been adopted the other cannot be resorted to, and appellee cites in support of his contention *Buscher* v. *Knapp, Admr.*, 107 Ind. 340. That was a case where a suit to review a judgment resulted unsuccessfully, and the defendant in the judgment sought to be reviewed appealed from the original judgment. It was there incidentally said, "that a party cannot prosecute an appeal and a suit to review, but must elect between these two remedies." Citing *Traders Ins. Co.* v. *Carpenter*, 85 Ind. 350; *Klebar* v. *Town of Corydon*, 80 Ind. 95; *Searle* v. *Whipperman*, 79 Ind. 424; *Dunkle* v. *Elston*, 71 Ind. 585.

Another case cited by counsel is the recent case of *American Furniture Co.* v. *Town of Batesville*, 139 Ind. 77, where it is said: "If there are concurring effectual remedies, the choice and uninterrupted prosecution of one excludes the other." To the same effect are all the cases, namely, the prosecution of one remedy must either be pending or have been prosecuted to final determination to bar or exclude another concurrent remedy for the same right.

The amendment of the complaint superseded the original complaint. Therefore, the remedy invoked therein is not being prosecuted to determination. The exact question here involved was decided adversely to

the contention of appellee in *Nysewander* v. *Lowman,* 124 Ind. 584, except that the appointment of a receiver was not asked for in that case. The amended complaint before us asked the appointment of a receiver.

The refusal to appoint a receiver under it was a mere interlocutory order, a mere incident to the main case, and was not an adjudication on the merits of the remedy invoked in the original complaint. *Naylor* v. *Sidener,* 106 Ind. 179. The fourth paragraph of the answer, therefore, did not state facts sufficient to constitute a defense to the amended complaint.

The circuit court erred in overruling the demurrer to the fourth paragraph of the answer. We need not, and do not consider the sufficiency of the second paragraph of the reply, as it was addressed to the fourth paragraph of the answer, which we have held bad.

The appellee has assigned cross-errors, but it does not appear when that was done. Rule 4 of this court requires cross-errors to be assigned within sixty days after the submission of the cause. For this reason we do not consider the cross-errors.

The judgment is reversed, with instructions to sustain the demurrer to the fourth paragraph of the answer.

ON PETITION FOR REHEARING.

McCABE, J.—In deference to the earnest appeal of appellee's counsel to reexamine the question decided in the original opinion, we have carefully investigated it again.

While counsel have cited an imposing array of cases, seemingly in conflict with the conclusion reached in the original opinion, yet they have studiously avoided mentioning the previous decision of this court on which the original opinion herein is founded.

When this court has once decided a question of law

that decision, when the question arises again, is not only binding on all the inferior courts in the State, but it is binding on this court also until that case is overruled. The case that rules this case is *Nysewander* v. *Lowman*, 124 Ind. 584.

In that case, like this, the action was brought to rescind a contract for fraud; afterwards the complaint was so amended as to make it a complaint to recover damages for the fraud. The answer set up the original complaint as a conclusive election of remedies in bar of the amended complaint. But it was held that such election to be a bar must have been prosecuted to judgment.

A long list of adjudications is cited by counsel, decided in other jurisdictions, apparently establishing a different rule. We are asked to follow those cases without a word of explanation as to how we are to escape the force of our own previous decision above referred to. Those cases are *Stuart* v. *Hayden*, 72 Fed. 402, 18 C. C. A. 618; *Wachsmuth* v. *Sims*, 32 S. W. (Tex. App.) 821; *Nat. Bank of Illinois* v. *First Nat. Bank of Emporia*, 57 Kan. 115, 45 Pac. 79; *First Nat. Bank of Chadron* v. *McKinney*, 47 Neb. 149, 66 N. W. 280.

But our case in 124 Ind. is supported on the point in question by an extensive citation of decisions, both in this country and England, and those decisions are directly in point. The facts in the cases cited by appellee's counsel as supporting the contrary rule, or at least so many of them as appear at all to be in point, are just the reverse of the facts in this case or those in *Nysewander* v. *Lowman*, *supra*, and cases therein cited. That is, in the cases cited by appellee the first suit was brought to recover damages for the fraud perpetrated in the procurement of the contract. After abandoning such suit another suit was brought seeking a rescission of the same contract on account of the same

Cohoon *v.* Fisher.

fraud. But in the case now before us, and the one decided in 124 Ind., the suit for rescission was brought first, which was abandoned in the amended complaint and instead a complaint for damages on account of the same fraud was substituted.

It is true, in such a case, the injured party has a choice of either of the two remedies mentioned, but it does not necessarily follow that a mere choice of one by bare commencement of proceedings under it, without prosecuting it to a conclusion, precludes a resort to the other. Nor does it follow that because such preclusion does not arise in all cases that it may not arise in some cases. The facts of the cases to which appellee's counsel have referred us, are either directly opposite to the facts in the case now before us, or are of such a character as to make the rule laid down in one of them applicable, the same as it is applicable to the case now before us. That rule is stated in *Nat. Bank of Illinois* v. *First Nat. Bank of Emporia, supra,* and is stated thus: " 'A man may not take contradictory positions, and where he has the right to choose one of two methods of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again.' "

Now how does the choice of the remedy of rescission involve the negation or repudiation of the remedy of a suit for damages for the fraud? No one will deny the right to abandon a suit for rescission. Its abandonment involves the affirmation of the contract. Then if the plaintiff may abandon it and thereby affirm the contract, that is all he does when he sues for the damages caused by the fraud in the procurement of the

contract. *Nysewander* v. *Lowman*, *supra*, and cases there cited, namely: *Lenox* v. *Fuller*, 39 Mich. 268; *Warren* v. *Cole*, 15 Mich. 264; *Kraus* v. *Thompson*, 30 Minn. 64, 14 N. W. 266, 44 Am. Rep. 182; *Newnham* v. *Stevenson*, 10 C. B. 712. See also note to *Fowler* v. *Bowery Savings Bank*, 10 Am. St. 487-494, 21 N. E. 172.

It is thoroughly settled in this State, and everywhere under our system of jurisprudence, that a suit for damages on account of the fraud is a ratification or affirmation of the contract. *Johnson, Admr.,* v. *Culver, Admx.*, 116 Ind. 278; *Home Ins. Co.* v. *Howard*, 111 Ind. 544; *O'Donald* v. *Constant*, 82 Ind. 212; *St. John* v. *Hendrickson*, 81 Ind. 350; *Union Central Life Ins. Co.* v. *Schidler*, 130 Ind. 214.

Therefore, there is much reason in holding, as the cases cited by appellee's counsel do, that an action begun to recover damages resulting from the fraud in procuring the contract is so inconsistent with a subsequent action to rescind the contract for the same fraud, that it cannot be maintained, even though the first action was abandoned before judgment. When the contract is affirmed and ratified by the injured party by such action, it then becomes binding on him and is no longer voidable, and hence, he cannot afterwards maintain a suit to rescind it. If the commencement of the suit for damages resulting from the fraud amounts to a ratification and affirmation of the contract, as we have seen it does, then there is much reason for holding the plaintiff precluded from the remedy of rescission without showing that the first suit was prosecuted to final judgment. Not so, however, if the first suit is for rescission. Its commencement is nothing more than a bare choice of remedies. Its commencement and abandonment before final judgment are not inconsistent with the continued subsistence of the contract, or a subsequent suit affirming

such contract. There may be cases in other jurisdictions establishing a different rule, making the commencement of either suit first a conclusive choice of remedies without prosecution to final judgment. But we are of opinion that the better rule is that established in this State, and we adhere to it.

All we mean to hold as to the point now under consideration is, that the cases cited by appellee are not necessarily inconsistent with the conclusions we have. reached, and if they were our own previous cases would and ought to control this case, supported as it is by both reason and authority. .

Petition overruled.