Sheriff *v.* Eisele, Appellant.

Argued January 10, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*John D. Faller, Jr.,* for appellants.

*F. Brewster Wickersham,* with him *Hermas L. Weary, Boyd J. Landis, Landis & McIntosh, Metzger & Wickersham,* and *Weary, Hess & Humer,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, March 14, 1955:

The record in this case follows the pattern, all too frequent, in which an inordinate amount of time is consumed in fruitless litigation involving merely procedural controversies. The accident which is the subject matter of the suit occurred more than five years ago, the action was instituted nearly four years ago, and not even an approach has thus far been made toward a trial of the case on its merits.

Plaintiff was injured, apparently very severely, as the result of a collision between a motor-bike which he was riding and an automobile driven by one Leonard P. Deleanis. He alleged that he was forced into contact with that automobile by the negligent operation of another automobile driven by one Carl Eisele and he brought suit against Eisele and the latter's employ-

ers. Defendants, alleging that the accident was due to the sole negligence of Deleanis, joined him as an additional defendant. Deleanis, being then on active duty with the United States Army in Greece, failed to enter an appearance or answer the complaint, and plaintiff entered judgment against him because of such default. Thereupon defendants moved for judgment against the plaintiff on the ground that his action in taking judgment against the additional defendant constituted an election on his part to proceed *solely* against the latter. As all the parties apparently realized that the right of plaintiff to enter the judgment against the additional defendant was questionable in view of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. Appendix §501 et seq.) as well as Pa. R. C. P. 2255(c), the court opened the judgment with plaintiff's consent. It then overruled defendants' motion for judgment against the plaintiff. The present appeal is from that action of the court.

Appellants' contention that plaintiff, by entering the default judgment against the additional defendant, made a binding election to abandon his claim against the original defendants, is wholly without merit. Pa. R. C. P. 2255(d) provides that "The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." In other words, an additional defendant, when joined as such, becomes immediately subject to plaintiff's claim in every respect and with the same force and effect as if he had been originally named as a defendant, and even without the necessity of any pleading being filed by the plaintiff against him: (Pa. R. C. P. 2255(b)). The averment by the defendants in the present action that the addi-

tional defendant was alone liable to the plaintiff was not binding upon the latter; he could nevertheless seek to establish at the trial either that the original defendants were liable to him, or that the additional defendant was so liable, or that they were jointly or severally liable. Even if a defendant were to aver that an additional defendant was joined only on the ground of *liability over,* the plaintiff could nevertheless recover from the additional defendant if the testimony should establish that the latter was liable to him either alone or jointly with the defendant: 2 Goodrich-Amram, §2255(d)-8, p. 72. Nor did the default judgment entered here by the plaintiff adjudicate the nature of the additional defendant's liability, for it was not necessarily based on the theory of sole liability asserted by defendants in joining the additional defendant on the record. The additional defendant, even though claimed by the original defendants to be solely liable to plaintiff, was no more bound by that allegation than was the plaintiff; he would have the right to try to establish at the trial either that the original defendants were alone liable to the plaintiff or that they were jointly or severally liable with him and therefore subject to his right of contribution. Indeed defendants themselves apparently recognized this procedural principle for they averred as one of the reasons for bringing him on the record that it was in order to protect their right against him for indemnity in the event that they themselves should be found liable.

It may be added that the doctrine of "election" between inconsistent *remedies* against a defendant does not generally apply to an attempted enforcement of allegedly inconsistent causes of action against *different persons.*

The order is affirmed at the cost of appellants.