Homer BURRUS, Plaintiff-Appellant,

v.

AMERICAN CASUALTY COMPANY
et al., Defendants-Appellees.

No. 74–1222.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 22, 1975.

Decided July 18, 1975.

Lowell E. Enslen and William T. Enslen, Hammond, Ind., for plaintiff-appellant.

John E. Hughes and Winfield L. Houran, Valparaiso, Ind., for defendants-appellees.

Before PELL and TONE, Circuit Judges, and PERRY, Senior District Judge.*

PELL, Circuit Judge.

The plaintiff Homer Burrus brought this action for breach of a compromise agreement, which he alleges had been intended to settle a tort action. The district court granted summary judgment for the defendants on the ground that since, upon breach of the compromise agreement, Burrus had prosecuted the original tort action to a final judgment, he was precluded from now bringing a suit based on breach of the compromise agreement. The plaintiff appeals.

I

According to the pleadings, Burrus was injured when struck by an automobile and, as a result, brought a tort action against Joseph Silhavy, Jr. and Raymond Silhavy in May 1966 in the Porter Superior Court in Indiana. One or more of the defendants, it is alleged, had written a policy of liability insurance on the Silhavys.

In October 1966, according to the plaintiff's complaint, an agent of the defendants entered into an oral contract with the plaintiff. Burrus alleges that the terms of this contract were that the defendants would pay $7,000 to Burrus immediately, that the defendants would admit liability, that the balance of the plaintiff's claim would be paid when the medical treatment had reached a point where Burrus' damages could be determined with more certainty, and that in the event no agreement as to medical damages was reached, the parties would try the matter on the question of damages alone. In return, the plaintiff alleges, he agreed to allow the tort action to remain dormant. The defendants admitted, in their answer, that they had paid Burrus $7,000 but denied the existence of any contract.

Burrus further alleged in his complaint that his medical condition was established with reasonable certainty in October 1968, and that he thereafter attempted to contact the defendants. However, according to the complaint,

---

* Senior District Judge Joseph Sam Perry of the United States District Court for the Northern District of Illinois is sitting by designation.

"said defendants did not respond to any such attempts and breached the aforesaid contract and that in approximately November of 1968 plaintiff . . . was required, because of said breach, to reactivate the cause of action." The complaint further alleges that when the tort action was reactivated, the defendants again breached the contract by failing to admit liability.

On June 16, 1970, the jury in the reactivated tort action returned a verdict in favor of Burrus in the amount of $5,000. The plaintiff then filed a motion in the trial court to correct errors and, as a result, the trial judge granted Burrus a new trial. In the second trial the jury returned a verdict for the defendants. Burrus' motion to correct errors was denied by the trial court and, on appeal, the judgment of the trial court was affirmed by the Court of Appeals of Indiana. *Burrus v. Silhavy*, Ind.App., 293 N.E.2d 794 (1973).

Burrus then brought this action in the district court for breach of the compromise agreement.[1] The district court, in granting summary judgment for the defendants, held that even assuming *arguendo* the existence, terms, and breach of the contract, as alleged in the plaintiff's complaint, Burrus could not maintain the present action since he had previously pursued the original tort action to final judgment.

## II

The law is clear in Indiana[2] that where a party has two coexisting but inconsistent remedies and elects to prosecute one such remedy to a conclusion, he may not thereafter sue on the other remedy. *American Furniture Co. v. Town of Batesville*, 139 Ind. 77, 38 N.E. 408 (1894); *Banta v. Banta*, 118 Ind.App. 117, 76 N.E.2d 698 (1948). Where an agreement has been entered into to compromise and settle a tort claim, moreover, "an action on the original tort is inconsistent with an action on the contract." *Ludlow v. Free*, 222 Ind. 568, 55 N.E.2d 318, 323 (1944). Thus, when a settlement contract is breached, the plaintiff has two coexistent but inconsistent remedies available: he may treat the compromise agreement as rescinded and sue on the original tort, or he may sue on the contract. *Indiana Farmers Mutual Ins. Co. v. Walters*, 221 Ind. 642, 50 N.E.2d 868, 871 (1943). The plaintiff may not, however, prosecute one of these remedies to judgment and then sue on the other.

In *Ludlow, supra,* upon breach of a compromise agreement, the plaintiffs filed a suit on the original tort action but then amended the complaint to include a count for breach of the settlement contract. The Indiana Supreme Court held that "the filing of the original complaint did not constitute an election of remedies which would preclude the [plaintiffs] from amending the complaint to include an action on the contract." 55 N.E.2d at 323. The Court in *Ludlow* stated, however, that "a party would not be permitted to choose one inconsistent remedy and *prosecute an action thereon to a conclusion* and then contend that he did not intend thereby to abandon or waive another inconsistent remedial right." *Id.* (Emphasis added.) See *Cohoon v. Fisher*, 146 Ind. 583, 44 N.E. 664, 665 (1896); *Nysewander v. Lowman*, 124 Ind. 584, 24 N.E. 355, 356 (1890).

In the present case, we agree with the district court that, even assuming the facts as presented in the plaintiff's complaint with respect to the existence, terms, and time of breach of the contract, Burrus' suit on the contract

1. Jurisdiction was based on diversity of citizenship.

2. Indiana law controls on the substantive issues.

cannot be maintained.[3] As the lower court noted, the contract alleged in Burrus' complaint was an attempt to settle the plaintiff's tort claim and can reasonably be characterized as a settlement agreement. According to the plaintiff's complaint, the defendants breached this contract by failing to negotiate with Burrus concerning the amount to be paid to Burrus after his medical damages had reached a point of reasonable certainty, and thereafter the plaintiff "was required, because of said breach, to reactivate the cause of action [in tort].[4] At the time of that breach, the plaintiff had two remedies: he could treat the contract as rescinded and sue in tort, or he could sue on the contract. Burrus chose to pursue the original tort action to a final judgment. Having done so, he cannot now seek to prosecute the contract remedy. *Ludlow, supra; Cohoon, supra.*

■ We find unpersuasive Burrus' argument that he was mistaken as to the facts and should therefore be allowed to pursue his contract remedy. The plaintiff, according to his own complaint, was aware of the defendants' breach in failing to negotiate and, in fact, reactivated the tort action because of this breach. It is immaterial that Burrus allegedly did not know that the defendants would breach the terms of the alleged contract a second time by failing to admit liability in the reactivated tort suit.[5] The defendants' first breach, which Burrus admittedly was aware of, gave the plaintiff notice that he had a contract remedy as well as a tort remedy available.

■ The plaintiff contends, however, that the election of remedies doctrine should not be applied here since, having lost the tort action, there is no possibility of a double recovery by Burrus. This argument is meritless. Burrus admitted at oral argument that had he won in the tort action, he could not have pursued the contract remedy. Where the remedies are, as here, inconsistent, *Ludlow, supra,* the fact that the plaintiff loses the first suit does not make the doctrine of election of remedies any less applicable. *National Lock Co. v. Hogland,* 101 F.2d 576 (7th Cir. 1939), and *McCoy v. McCoy,* 32 Ind.App. 38, 69 N.E. 193 (1903), do not support Burrus' position. In those cases, the doctrine of election of remedies was held to be inapplicable on the ground that the remedies were not inconsistent with one another.

Affirmed.

3. The plaintiff contends that summary judgment was improper since the parties were not in agreement as to whether a contract existed, its terms, or when it was breached. The district court and this court, however, have assumed all of these matters to be as set forth in Burrus' complaint. On the basis of these facts, as pleaded by Burrus, it is clear that the plaintiff's suit cannot be maintained. In this situation, summary judgment is proper.

The plaintiff's real problem appears to be that he would now himself like to dispute the facts alleged in his own complaint. See footnote 4, *infra.* It is elementary that, to avoid summary judgment, the factual dispute must be between opposing parties and not between the plaintiff's complaint and the plaintiff's brief.

4. in his brief before this court, Burrus contends that no breach of the contract occurred until the defendants failed to admit liability in the reactivated tort action. The plaintiff argues that since the breach did not occur until the tort action was underway, the two actions were "inextricably bound." In his complaint, however, Burrus expressly alleged that he attempted to contact the defendants about his medical costs and "said defendants did not respond to any such attempts and *breached the aforesaid contract* and that . . . plaintiff . . . was required, *because of said breach,* to reactivate the cause of action." (Emphasis added.)

Burrus also argues that he was required to pursue the tort action to completion to avoid breaching the agreement himself. This contention is frivolous. When the defendants breached the contract, the plaintiff merely had to hold himself out as ready, willing, and able to perform his part of the contract.

5. We are unaware of any basis for a contracting party whose contract has been breached to assume that a term or provision of the contract nevertheless will be honored.