534 A.2d 537

WEDGEWOOD DINER, INC., John E. Sisko and
Sharon E. Sisko, his wife

v.

John E. GOOD, Jr., John Good Associates, Mervin Ebersole
and Lorraine Ebersole, his wife.

Appeal of Mervin EBERSOLE and Lorraine
Ebersole, his wife.

Superior Court of Pennsylvania.

Argued April 1, 1987.

Filed Dec. 7, 1987.

James J. Kutz, Harrisburg, for appellants.

Terry S. Hyman, Harrisburg, for Wedgewood, appellees.

James F. Carl, Harrisburg, for Good, appellees.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

The significant issue in this appeal involves application of the doctrine of election of remedies. Where the owner of a diner business has affirmed a refinancing arrangement by commencing and litigating successfully an action for damages against the agent who negotiated the transaction negligently and in breach of his fiduciary duty, may the owner thereafter disaffirm and rescind the transaction in a separate action against the other party to the transaction. We hold that he cannot and reverse the final decree which allowed rescission and restitution.

The doctrine of election of remedies is best described and defined in an Annotation entitled "Election: Rescission or Damages" appearing at 40 A.L.R. 4th 627, at pp. 630 and 631.

An election of remedies has been defined as the act of choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. The phrase has also been used in a more restrictive sense to denote the doctrine that the adoption, by an unequivocal act, of one of two or more inconsistent remedial rights has the effect of precluding a resort to the others. The doctrine has frequently been regarded as an application of the law of estoppel, on the theory that a party cannot, in the assertion or prosecution of his rights, maintain inconsistent positions, and that where there is a choice of two remedies which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other....

. . . .

It is a general rule that a person defrauded in a sales or other contract has a choice of remedies; he may rescind the contract and recover what he has paid, or he may affirm the contract and recover damages for the fraud and deceit practiced upon him. Once such a person has made a binding election of one remedy over the other, however, he will be precluded from thereafter maintaining an action on the other....

(footnotes omitted). See also: 25 Am.Jur.2d, Election of Remedies §§ 1, 2, 27. The reason for applying the rule is that rescission, an equitable remedy, involves a disaffirmance of the contract and a restoration of the status quo; whereas, the recovery of damages, which is a legal remedy, involves an affirmance of the contract. A party who has been defrauded can either rescind the contract or he can affirm the contract and recover damages. To allow him to do both would be to allow a double remedy for the same wrong.

Pennsylvania is in accord. Thus, as early as 1847, the Supreme Court said in *Pott's Appeal*, 5 Pa. 500, that "... precedent has established the wholesome principle that distinct remedies cannot be used concurrently or alternately, unless they are consistent, not only in purpose but in kind."

*Id.* at 503. In *Pittsburgh Union Stock Yards Co. v. Pittsburgh Joint Stock Co.*, 309 Pa. 314, 319, 163 A. 668, 669 (1932), the Supreme Court also quoted with approval from 20 C.J. 14 as follows: "A remedy based on the theory of the affirmance of a contract or other transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance or rescission, so that an election of either is an abandonment of the other."

The Superior Court has also acknowledged the efficacy of this rule. In *Raw v. Lehnert*, 238 Pa.Super. 324, 357 A.2d 574 (1976), the Court, per Cercone, J., wrote:

> We recognize that appellants may not maintain at the same time in separate counts of one action, or in two different suits claims for rescission of a contract and restitution on the one hand and for damages for breach of the same contract together with expectation interest, on the other hand. These remedies are essentially inconsistent. *Pittsburgh Union Stockyards v. Pittsburgh Joint Stock Company*, 309 Pa. 314, 163 A. 668 (1932); *Emery v. Third National Bank of Pittsburgh*, 308 Pa. 504, 162 A. 281 (1932); *Clement Martin Inc. v. Gussey*, 191 Pa.Super. 464, 157 A.2d 412 (1959). One may not terminate contractual obligations and seek the return of his consideration based upon the other party's promise through an action for rescission and restitution and at the same time seek the full benefits of that promise through an action for breach.

*Id.*, 238 Pa.Superior Ct. at 329–330 n. 3, 357 A.2d at 576 n. 3.

It has been said that the doctrine of "election" between inconsistent remedies does not generally apply to causes of action against different persons. See: *Sheriff v. Eisele*, 381 Pa. 33, 36, 112 A.2d 165, 167 (1955); *Nuside Metal Products, Inc. v. Eazor Express, Inc.*, 189 Pa.Super. 593, 597, 152 A.2d 275, 278 (1959). This statement is based on the concept that in Pennsylvania a party may have as many remedies against as many persons as the law provides.

However, one can have several remedies against several persons only when the remedies are consistent. "The generally accepted view appears to be ... that where two remedies are alternate and inconsistent, the pursuit of one remedy against one person bars recourse to the other remedy against a different person; that is, that the doctrine of election of remedies may be applicable where the remedies are pursued against different persons." 25 Am.Jur.2d Election of Remedies § 25. This is particularly so where the two parties are principal and agent in the same wrongful transaction.

Although some courts have held that the mere commencement of an action constitutes an election between inconsistent remedies, the majority and preferable view is that "where there is nothing more than the mere institution of a suit or proceeding, which is abandoned or dismissed before judgment, there is nothing on which to base an estoppel—no benefit and no detriment." 25 Am.Jur.2d Election of Remedies § 16. These courts hold that "[w]here a party with knowledge of his rights ... carries his case to a conclusion and obtains a decision on the issues involved, ... such action constitutes a conclusive election, so that an adverse judgment or decree will bar later resort to an inconsistent remedy...." See: 25 Am.Jur.2d Election of Remedies § 19 and cases there cited.

 The Pennsylvania rule that a third person may pursue remedies to judgment against both principal and agent but is entitled to only one satisfaction, see *Joseph Melnick Building & Loan Ass'n v. Melnick*, 361 Pa. 328, 334, 64 A.2d 773, 776–777 (1949), has application only where remedies against the principal and agent are consistent. A third person cannot affirm a contract and recover damages against the agent and in a separate action rescind as to the principal and obtain restitution. In such a situation, a final judgment for damages in the action against the agent constitutes an election of remedies and bars a subsequent, inconsistent action to rescind the contract against the principal. Having obtained a final judgment against the agent,

the third person is estopped from pursuing an action against the principal to disaffirm and rescind the very contract which he was required to affirm in order to recover damages against the agent. The third person cannot recover damages because of a bad bargain on the one hand, and, on the other, rescind and avoid entirely the bargain for which he was paid damages in the first action. The remedies are inconsistent.

John and Sharon Sisko, intending to start a diner business, purchased a dining car for $224,000.00.[1] They placed the diner on a tract of land owned by Mervin Ebersole and fronting on Route 422 in Lebanon County. Because they could not pay the asking price of $100,000.00, however, they leased the land from Ebersole for a period of ten years, with an option to buy. The rental was $833.00 per month. They also borrowed the sum of $65,000.00 from Ebersole to meet other expenses of starting the business. This indebtedness was to be repaid at the rate of $770.00 per month, with a balloon payment of $20,000.00 at the end of six years.

In order to alleviate a cash flow problem which developed after the diner had been opened, the Siskos applied to Peoples National Bank for an additional loan of $20,000.00. The application was not approved. Nevertheless, the bank contacted John Good, the Siskos' accountant, and suggested that a loan from the Industrial Development Authority might be the answer to their problem. Good went to Ebersole and suggested that he obtain an Industrial Development Authority loan for the Siskos which would enable them to consolidate their loans while also enabling Ebersole to obtain additional security for his loan to the Siskos, a possible profit sharing arrangement with the Siskos, and significant tax advantages. Good thereby became the agent for both the Siskos and Ebersole. The dual agency, according to the evidence, was known to Ebersole but not to the Siskos.

1. The sum of $16,000.00 was paid down, and the balance was to be paid at the rate of $4,069.00 per month for a period of seven (7) years.

Ebersole borrowed $450,000.00 from the Industrial Development Authority at an interest rate of 8.5 percent per annum. He then loaned the same money to the Siskos, charging them interest at the rate of 15.5 percent.[2] As a part of the transaction, title to the diner and also title to the furnishings and utensils were transferred to Ebersole for a nominal consideration and he, in turn, leased them back to the Siskos. As rent for the diner and the land on which it was situated, the Siskos were required to pay to Ebersole the sum of $5,250.00 per month for seven years. At the end of the seven year period, the Siskos had the option of buying the diner and the land for $534,000.00. As a result of this loan transaction, the cost to the Siskos of obtaining unencumbered ownership of the diner business was increased by $343,000.00 over the original cost thereof. Instead of spending $632,000.00 to purchase the land and diner, the Siskos were now obligated to pay $975,000.00.

The Siskos commenced an action against Good in which they contended that their accountant had been guilty of professional negligence and had violated the fiduciary duty which he owed them by representing both parties to the transaction without their knowledge and consent. The jury which heard the evidence agreed that the new loan transaction would require the Siskos to pay an additional $343,-000.00 to acquire title to the diner business and awarded them damages in that amount. Although the trial court reduced the amount of the verdict, this Court, on appeal, reinstated the verdict. See: *Wedgewood Diner v. Good*, 363 Pa.Super. 650, 522 A.2d 666 (1987). The Supreme Court denied allocatur.[3] In that action the Siskos unequivocally affirmed the new loan transaction and recovered damages measured by the additional cost thereof.

■ In a separate action against Ebersole, the Siskos sought to disaffirm and rescind the transaction. The trial court allowed rescission, restructured the loan transaction

---

2. This rate was higher than the rate charged on any prior Sisko loan.

3. By post-argument submission, appellant has now advised us that checks in payment of the judgment have been delivered.

to exclude Ebersole's participation, and ordered restitution in the amount of $61,000.00 for moneys already paid to Ebersole. Ebersole appealed. He argues, as he did throughout the proceedings in the trial court, that the action to rescind the loan transaction was barred by the prior inconsistent action which had affirmed the loan transaction and in which the Siskos had recovered from Good the additional cost needed to purchase the land and diner business.

We are constrained to agree that the rescission requested in the instant action is barred by appellees' election to affirm the transaction and recover a judgment against Good in the prior action. If the Siskos had filed separate actions against Good and Ebersole and in each action had affirmed the loan transaction and had sought to recover damages as a consequence of the bad bargain, they could have recovered judgments against both, as permitted by *Joseph Melnick Building & Loan Ass'n v. Melnick, supra*. In that event, they would have been entitled to only one satisfaction. In fact, however, they affirmed the contract and recovered damages against the agent-accountant but not against the principal. Having affirmed the contract in the action against the agent and having recovered a final judgment for damages therein, they cannot now turn around and rescind the very same transaction in a separate action against Ebersole.

In view of our determination of this issue, it is unnecessary to decide the effect, if any, of the Supreme Court decision in *Aiello v. Ed Saxe Real Estate, Inc.*, 508 Pa. 553, 499 A.2d 282 (1985).[4] We cannot help but observe, however, that the issue in *Aiello* was the liability of a principal in damages to a third person for fraudulent misrepresentations made by an agent. In the instant case, the Siskos did not seek to recover damages from Ebersole for a poor bargain; instead, they sought to rescind the contract after

4. The trial court initially determined that the transaction between Sisko and Ebersole could not be rescinded but later, in response to a motion for post-trial relief, concluded that *Aiello* was controlling and required that the Siskos be allowed to rescind.

they had already recovered a judgment for damages against the agent. To such an issue *Aiello* did not speak.

The decree allowing rescission and awarding damages is reversed, and the action therefor is dismissed.

BECK, J., concurs in the result.