561 A.2d 1253

**Rodney SMITH, Lyman Smith and Marion Smith, Appellants,**

**v.**

**Donald BRINK, James Baldwin, Anthony Basehore and Swatara Township, Appellees.**

Superior Court of Pennsylvania.

Submitted April 18, 1989.

Filed July 13, 1989.

Rowley, J., concurred in result.

Spero T. Lappas, Harrisburg, for appellants.

Frank J. Lavery, Jr., Harrisburg, for appellees.

Before ROWLEY, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This appeal from an order of the Court of Common Pleas of Dauphin County presents an opportunity to explain the doctrine of election of remedies as it applies to a plaintiff's choice of pursuing a contract action for breach of a settlement agreement or litigating the underlying claim. Applying the doctrine of election of remedies, the lower court herein sustained the appellees' demurrer and dismissed the appellants' complaint alleging breach of a settlement agreement by the appellees. Though we find that the trial court's reliance on the doctrine of election of remedies was misplaced, we affirm.[1]

---

1. On appeal, we may affirm the decision of the trial court even though our affirm rests upon a rationale other than that employed by the court below. *Jones v. P.M.A. Ins. Co.,* 343 Pa.Super. 411, 495 A.2d 203

On February 16, 1986, Rodney Smith was allegedly assaulted and subjected to an illegal arrest by the appellees who are officers of the Swatara Township Police Department. Lyman and Marion Smith, Rodney's parents, witnessed the alleged use of excessive force.

Based on the aforementioned event, the appellants filed suit on August 1, 1986, in the United States District Court for the Middle District of Pennsylvania. Rodney alleged violation of his civil rights and malicious prosecution. In the same suit, his parents alleged intentional infliction of mental or emotional distress.

On September 28, 1986, the District Court granted summary judgment in favor of the appellees on the claims of Rodney's parents due to a lack of subject matter jurisdiction.[2] During the ensuing months, counsel for the parties discussed settlement of the federal lawsuit and the parents' state claims. The appellants contend that the parties reached an agreement whereby all claims would be settled for a sum of $22,000. However, on August 12, 1987, the appellees retained new counsel who allegedly informed the appellants that his clients would not comply with the agree-

(1985); *Perri v. Broad Street Hospital,* 330 Pa.Super. 50, 478 A.2d 1344 (1984).

In their preliminary objections, the appellees raised six specific demurrers to the appellants' complaint. The lower court based its decision exclusively upon appellants' first demurrer which reads:

Plaintiffs' Complaint fails to state a cause of action in that the claims averred in said Complaint are wholly barred in that the Complaint indicates that Plaintiff has elected remedies.

Wherefore, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

We, however, prefer to ground our decision upon the appellees' fourth demurrer which reads:

Plaintiffs' complaint fails to state a cause of action against Defendants in that the claims set forth in said Complaint are barred by failure of consideration, on the part of Plaintiffs which appears on the face of Plaintiffs' complaint.

Wherefore, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

2. Fearing summary judgment in their federal action, on August 19, 1986, Lyman and Marion had a writ of summons issued from the Court of Common Pleas of Dauphin County based solely upon their state claims of intentional infliction of emotional distress.

ment. Thereafter, Lyman and Marion filed a complaint in the Dauphin County Court of Common Pleas at 2752 S 1986, setting forth their claims for intentional infliction of emotional distress. This action is still pending.

The federal lawsuit went to trial on October 26, 1987. Although Lyman and Marion testified on behalf of their son, the jury trial resulted in a verdict in favor of the defense. Nevertheless, on December 10, 1987, the appellants filed the instant complaint at 3327 S 1987, alleging breach of the settlement agreement.

In their preliminary objections, the appellees demurred to the complaint. Since Rodney had tried his claims in federal court and lost, the lower court sustained the demurrer based on the doctrine of election of remedies and dismissed all counts of the complaint, including those of Lyman and Marion.[3] This appeal followed.

On appeal, the Smiths question whether the lower court correctly applied the doctrine of election of remedies when it granted the appellees' demurrer and denied not only Rodney's claim but also Lyman's and Marion's. When considering preliminary objections in the nature of a demurrer, the trial court must consider the pleadings and inferences drawn therefrom in a light most favorable to the party against whom the motion was filed. The demurrer

3. Specifically, the court stated:
   As the sole plaintiff in the federal trail, Rodney Smith chose to litigate his claim in federal court rather than sue on the settlement agreement. Thus, he is precluded from suing on the settlement agreement at the present time under the Doctrine of Election of Remedies. Plaintiffs argue that at the very least, Lyman and Marion Smith should be allowed to pursue the instant action since they were dismissed from the case prior to the federal trial. However, the settlement agreement negotiated with all three plaintiffs was predicated on the existing pending federal action. Since Rodney Smith litigated the action in federal court to a verdict, there is no pending federal action and thus no settlement agreement on which to sue. Therefore, not only is Rodney Smith precluded from suing on the original settlement agreement, but his co-plaintiff parents are precluded as well.
   As the Court based its decision on the Doctrine of Election of Remedies, the remaining preliminary objections will not be discussed as they are moot.
   Opinion of Judge Natale, at p. 4.

may be granted only in cases which are so free from doubt that a trial would certainly be a fruitless exercise. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 183, 259 A.2d 687, 688 (1969). See also, *Cantwell v. Allegheny County*, 506 Pa. 35, 37, 483 A.2d 1350, 1351 n. 1 (1984); *E–Z Parks v. Phil. Parking Authority*, 110 Pa.Cmwlth. 629, 532 A.2d 1272, 1275 (1987).

The doctrine of election of remedies was recently described and defined by the Superior Court in *Wedgewood Diner, Inc. v. Good*, 368 Pa.Super. 480, 534 A.2d 537 (1987).

An election of remedies has been defined as the act of choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. The phrase has also been used in a more restrictive sense to denote the doctrine that the adoption, by an unequivocal act, of one of two or more inconsistent remedial rights has the effect of precluding a resort to the others. The doctrine has frequently been regarded as an application of the law of estoppel, on the theory that a party cannot, in the assertion or prosecution of his rights, maintain inconsistent positions, and that where there is a choice of two remedies which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other.

*Wedgewood*, 534 A.2d at 538, quoting "Election: Rescission of Damages," 40 A.L.R. 4th 627, 630–631. See also: 25 Am.Jur.2d, Election of Remedies §§ 1, 2, 27.

■ Instantly, the lower court held that Rodney's federal tort action and the appellants' state action for breach of contract (settlement agreement) pursued inconsistent remedial rights and, thus, Rodney's adoption of the federal tort suit precluded later resorting to a breach of contract suit. While we agree that the appellants can not prevail in their present action for breach of the settlement agreement, we are convinced that the doctrine of election of remedies is inapposite.

The doctrine of election of remedies is best exemplified by its application in contract disputes. In a breach of contract

suit, the plaintiff *either* may rescind the contract and seek restitution *or* enforce the contract and recover damages based on expectation. In such a case, the inconsistent nature of those actions is obvious—one can not attempt to terminate his contractual obligations and, at the same time, seek to enforce the contract and enjoy its full benefits in an action for breach. *See e.g., Wedgewood,* 534 A.2d at 538–539; *Raw v. Lehnert,* 238 Pa.Super. 324, 329, 357 A.2d 574, 576 n. 3 (1976). Applying the doctrine, a plaintiff's decision to follow avenue A *automatically* precludes travel down avenue B, and *visa versa.* To allow a plaintiff to pursue both claims at the same time would allow the possibility of double recovery for the same wrong. However, such is not the present situation.

While an action for breach of a settlement agreement can not survive a verdict on the underlying claim [4] and a suit on the underlying claim can not survive a verdict *in favor of the plaintiff* on a settlement breach action,[5] logic dictates that an action for breach of a settlement agreement may be litigated to a *defense verdict* prior to a suit on the underlying claim without sacrificing a trial on the merits of the underlying claim.

Consider the following illustration: plaintiff is injured in an automobile accident where defendant was allegedly at fault. Plaintiff files a tort action after which the parties allegedly enter into a settlement agreement. Plaintiff then contends the agreement is breached by defendant. Prior to the resolution of the underlying tort claim, plaintiff files a complaint for breach of contract. The court (or jury), based on reasons other than defendant's liability, determines that the alleged settlement agreement never existed. Applying the doctrine of election of remedies as interpreted by the trial court, plaintiff chose to pursue the breach of contract claim to the automatic preclusion of the co-existent tort remedy.

4. See discussion, *infra.*
5. See *Consolidation Coal Co. v. District 5, United Mine Workers of America,* 336 Pa.Super. 354, 485 A.2d 1118 (1984) (claim arising out of settled action merges into settlement agreement).

However, it is clear that the two actions are not inconsistent—the set of facts used to determine whether a contract was formed, though related, is not the same set used to answer the question of liability. Moreover, the possibility of a double recovery does not exist, i.e. either the settlement is enforced or plaintiff recovers after the subsequent tort litigation or defendant prevails in both actions. While an action on the original tort is inconsistent with a subsequent action on the settlement contract, the doctrine of election of remedies does not preclude a suit on the tort following a defense verdict on the contract action.

Before explaining why the appellants can not prevail despite the misapplication of the doctrine of election of remedies, we point to *Burrus v. American Casualty*, 518 F.2d 1267 (7th Cir., 1975), of which the facts are on all fours with those before us. Therein, the 7th Circuit, applying Indiana's doctrine of election of remedies, held "when a settlement contract is breached, the plaintiff has two coexistent but inconsistent remedies available: he may treat the compromise agreement as rescinded and sue on the original tort, or he may sue on the contract. (cite omitted) The plaintiff may not, however, prosecute one of these remedies to judgement and then sue on the other." 518 F.2d at 1269. Thus, the 7th Circuit affirmed the District Court's dismissal of the plaintiff's breach of contract action brought after a verdict on the merits of the underlying tort. While we believe the Court of Appeals' reliance on the doctrine was also misplaced, the problem is really one of semantics, rather than substance. This is especially evident in light of the Court of Appeals reliance on *Ludlow v. Free*, 222 Ind. 568, 55 N.E.2d 318 (1944) ("the filing of the original complaint did not constitute an election of the remedies which would preclude the [plaintiffs] from amending the complaint to include an action on the contract.")

Though we have found that the doctrine of election of the remedies does not apply to the facts *sub judice*, we are absolutely certain that the appellants can not prevail. The present action alleges that "the agreement to settle the

federal and state lawsuits for the combined sum of $22,-000.00 was a legal, enforceable, and contractual agreement and that the Defendants had breached it by failing to pay." Appellants' brief at 5. It is axiomatic that a settlement, like any other agreement, to be enforceable, must possess all the elements of a valid contract. It may be attacked for want of authority or consideration or on equitable grounds which warrant it be set aside. *Sale v. Ambler*, 335 Pa. 165, 169, 6 A.2d 519, 521 (1939); *Gogel v. Blazofsky*, 187 Pa.Super. 32, 36, 142 A.2d 313, 315 (1958).

■ Instantly, Rodney fully litigated his federal tort suit to a final verdict in favor of the appellees.[6] Therefore, the present suit must fail for want of consideration since the settlement was based in part upon the existence of Rodney's federal action. Moreover, the appellants decision to forego litigation on the breach of contract action until after the final resolution of Rodney's tort claim acted, in effect, as a repudiation of the alleged settlement agreement.

Having reviewed the record and the parties' briefs, we affirm the trial court's decision to dismiss the appellants' breach of contract action. Viewing the facts in a light most favorable to the appellants, we find it clear that the appellant could not prevail upon the merits, and a trial would be a fruitless exercise. The appellants now seek to profit from their "wait-and-see" approach to litigation of this action. We neither approve nor condone such duplicity. Accordingly, order affirmed.

Order affirmed.

ROWLEY, J., concurs in the result.

6. At no time during that litigation did Rodney allege a settlement agreement existed or was breached. Had he done so, the federal District Court would have held a hearing to determine whether a valid settlement agreement had been reached, *Fox v. Consolidated Rail Corp.*, 739 F.2d 929 (C.A.Pa., 1984), cert. denied 469 U.S. 1190, 105 S.Ct. 962, 83 L.Ed.2d 968; *Pugh v. Super Fresh Food Markets, Inc.*, 640 F.Supp. 1306 (E.D.Pa., 1986), and this controversy would be *res adjudicata*.