J-A08042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GAMESA ENERGY USA, LLC AND GAMESA TECHNOLOGY CORPORATION INC., | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| TEN PENN CENTER ASSOCIATES, L.P. AND SAP V TEN PENN CENTER NF G.P. L.L.C. | : : : : : | No. 1635 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment Entered May 20, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  March Term, 2013 No. 03678

BEFORE:   PANELLA, LAZARUS, JJ., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY STEVENS, P.J.E.:**FILED FEBRUARY 06, 2018**

I join the Majority decision in full, and I agree that the trial court erred in awarding inconsistent remedies.

With respect to a litigant's ability to pursue inconsistent remedies, this Court has held that

> appellants may not maintain at the same time in separate counts of one action, or in two different suits claims for rescission of a contract and restitution on the one hand and for damages for breach of the same contract together with expectation interest, on the other hand.  These remedies are essentially inconsistent. ***Pittsburgh Union Stockyards** [**Company**] **v. Pittsburgh Joint Stock Company**,* 309 Pa. 314, 163 A. 668 (1932); ***Emery v. Third National Bank of Pittsburgh**,* 308 Pa. 504, 162 A. 281 (1932); ***Clement Martin Inc. v. Gussey**,* 191 Pa.Super. 464,

---

[*] Former Justice specially assigned to the Superior Court.

157 A.2d 412 (1959). One may not terminate contractual obligations and seek the return of his consideration based upon the other party's promise through an action for rescission and restitution and at the same time seek the full benefits of that promise through an action for breach.

*Umbelina v. Adams*, 34 A.3d 151, 157 (Pa.Super. 2011) (quoting *Wedgewood Diner, Inc. v. Good*, 534 A.2d 537, 538–39 (Pa.Super. 1987) (quoting *Raw v. Lehnert*, 357 A.2d 574, 576 n. 3 (Pa.Super. 1976))).

In *Schwartz v. Rockey,* 593 Pa. 536, 548-49, 932 A.2d 885, 892-93 (2007), the Supreme Court recognized that there are differing applications of the election of remedies doctrine among state and federal jurisdictions, pointing out that some courts permit the simultaneous pleading of inconsistent claims for relief and require the litigant to elect between inconsistent remedies at some point prior to the entry of final judgment. However, the Supreme Court found that the facts of that case did not require it "to definitively determine whether inconsistent remedies may be simultaneously pursued in a civil action in Pennsylvania." *Id*. at 549, 932 A.2d at 893.

Therefore, while the Supreme Court may choose to address this particular issue in a future appeal, the current state of the law as dictated by the Superior Court requires the result reached by the majority in this case.