J-A20022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| RK EAST MANAGEMENT, LP, PABA PROPERTIES, LLC, GENERAL PARTNER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1658 WDA 2019 |
| | : | |
| ALLEGHENY SETTLEMENT COMPANY, INC., ERIC DEUTSCH, AN ADULT INDIVIDUAL AND MICHELE DEUTSCH, AN ADULT INDIVIDUAL | : | |

Appeal from the Order Entered October 25, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD17-012137


BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                        FILED OCTOBER 16, 2020

Appellant, RK East Management, LP,[1] appeals from the October 25, 2019 judgment entered in favor of Eric and Michele Deutsch (collectively, the "Deutschs").  We affirm.

The current dispute arises from the sale of a property located at 292 North Balph Avenue, Bellevue, Pennsylvania 15202 (the "Property").  As early as the 1980s, the Borough of Bellevue ("Borough") zoned the Property as a three-story rental building and issued occupancy permits to use the Property as such.  The Deutschs purchased the property in 1996.  Subsequently, the

_____

[1] While PABA Properties, LLC is RK East Management, LP's managing partner and is listed as a separate entity in the caption, RK East Management, LP instituted this action and prosecuted the appeal.

Borough advised the Deutschs that "in order to retain the three [occupancy] permits for each of the apartments," they needed to add a fire escape to the third floor apartment. Trial Court Opinion, 3/2/20, at 2. Instead of constructing the fire escape, the Deutschs obtained a temporary occupancy permit. Id. The Deutschs did not hear from the Borough again until 2007. At that time, the "Borough reminded them that a third floor fire escape was still required." Id. The Deutschs still did not construct the fire escape. Id.

The Deutschs sought to sell the Property in late 2015. Id. Appellant expressed interest in the Property and, during negotiations, the Deutschs represented that the Property was a three-story rental building. N.T. Trial, 5/15/49, at 7. Based upon this representation, Appellant agreed to purchase the Property and signed an Agreement of Sale on December 23, 2015. Id. at 6 and 18.

Prior to closing, the Borough's code enforcement officer inspected the Property to check for any violations or issues involving safety. Id. at 9-10. The inspection took place on February 18, 2016 and a Rental Inspection Report was mailed to the Deutschs thereafter. Id. at 30 and 38. The report indicated that the third floor of the Property could not be occupied until a fire escape was installed. Id. at 31-36. The Deutschs, however, did not provide Appellant with a copy of the report, nor did they inform Appellant of the violation. Id. at 12-13.

The parties concluded a sale of the Property in March 2016. Id. at 7. Allegheny Settlement Company ("Allegheny Settlement") facilitated the

closing. Id. at 25. In October 2016, the Borough contacted Appellant and explained that "there were major infractions with th[e] [P]roperty" and that "no one [could] live on the third floor until the issues were resolved," i.e., installation of a fire escape. Id. at 12. The Borough also "advised [Appellant] that the sale of the [P]roperty should not have [] closed unless [Appellant was] shown the [Rental] Inspection Report which revealed the deficiency." Trial Court Opinion, 3/2/20, at 2.

Appellant did not install the fire escape. Instead, Appellant filed suit against Allegheny Settlement and the Deutschs. In Count I of the complaint, Appellant alleged that Allegheny Settlement was negligent in failing to obtain "a copy of the Rental Inspection Report dated February 18, 2016" and, but for Allegheny Settlement's negligence, Appellant would not have purchased the Property. Appellant's Complaint, 9/28/17, at 5. Appellant sought damages "in the amount of $50,540.00 for the cost of repairs, lost income in the amount of $6,600.00 plus continuing lost rental income of $600.00 per month until such time as the property [could] be repaired, plus reimbursement for all closing costs, attorney fees and court costs." Id. at 6.

In Count II of the Complaint, Appellant alleged that the Deutschs "intentionally" and "fraudulently misrepresented the condition of the [P]roperty by knowingly withholding the Rental Inspection Report." Id. at 6-7. Appellant alleged that, if it were "aware that the [Property] was unable to be fully rented and that expensive repairs were needed, [Appellant] would not have purchased the [P]roperty." Id. at 7. Appellant therefore sought to

- 3 -

rescind the Agreement of Sale and to recover "the sales price of $109,000.00 plus all closing costs and taxes paid by [Appellant] through the date of judgment." Id.

On May 14, 2019, Appellant and Allegheny Settlement entered into a settlement agreement. Pursuant to the agreement, Appellant received compensation for installing the fire escape and for lost revenues, rent, and closing costs. At a non-jury trial that commenced on May 15, 2019, Appellant sought to rescind the Agreement of Sale and to recover the purchase price. N.T. Trial, 5/15/19, at 1-66. At trial, Appellant presented the testimony of multiple individuals. Id. 4-46. The Deutschs, however, declined to enter testimony. Id. at 47. Instead, they argued that, as a result of Appellant's settlement with Allegheny Settlement, Appellant was barred from an award of rescission of the Agreement of Sale with the Deutschs under the doctrine of election of remedies. Id. at 47-66.

On October 10, 2019, the trial court returned a non-jury verdict in favor of the Deutschs. The court expressly held that Appellant "may not recover damages against Allegheny Settlement and also obtain recision [sic] against [the Deutschs,] as the [d]octrine of [e]lection of [r]emedies bars recovery of inconsistent and duplicative relief." Trial Court Order, 10/10/19. Appellant subsequently filed a motion for post-trial relief pursuant to Pa.R.Civ.P. 227.1.

Appellant's Post-Trial Motion, 10/21/19, 1-7. The trial court denied Appellant's motion on October 25, 2019. This timely appeal followed.[2]

Appellant raises the following issue[3] on appeal:

> [Whether the trial court abused its discretion in denying Appellant's post-trial motion for judgment notwithstanding the verdict ("JNOV") and holding that the doctrine of election of remedies barred Appellant from obtaining against the Deutschs' rescission of the Agreement of Sale?]

_____

[2] Appellant filed a notice of appeal on November 6, 2019. On November 14, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. Upon docketing statement review, this Court noted that it appeared that judgment had not yet been entered. Therefore, a rule to show cause was issued requiring Appellant to provide proof within 14 days that judgment was entered. Show Cause Order, 12/11/19. Appellants timely complied by providing a copy of the trial court docket showing that judgment was entered. As such, the rule was discharged and the appeal permitted to proceed. Order, 12/30/19, at 1. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 2, 2020.

[3] Appellant raised four separate issues for our review. See Appellant's Brief at 2-3. Appellant, however, failed to divide the argument section of its brief "into as many parts as there [were] questions to be argued" or "have at the head of each part--in distinctive type . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Appellant's brief, therefore, violates Pa.R.A.P. 2119. "This Court has held that the rules of appellate procedure are 'mandatory, not directing' and it is within our discretion to dismiss an appeal when the rules of appellate procedure are violated. However, if the failure to comply with the rules of appellate procedure does not impede review of the issues or prejudice the parties, we will address the merits of the appeal." Jacobs v. Jacobs, 884 A.2d 301, 305 (Pa. Super. 2005) (citation omitted). Herein, it is apparent that Appellant is challenging the trial court's denial of his motion for JNOV because it determined that the doctrine of election of remedies barred recovery against the Deutschs. Upon review, we conclude that Appellant's failure "does not impede [our] review" and, as such, we will address the merits of the instant appeal. Id.

Appellant's Brief at 2.

Our standard of review when examining a trial court's denial of a motion for JNOV "is whether, when reading the record in the light most favorable to the verdict winner and granting that party every favorable inference therefrom, there was sufficient competent evidence to sustain the verdict." Koller Concrete, Inc. v. Tube City IMS, LLC, 115 A.3d 312, 320–321 (Pa. Super. 2015) (citation omitted). "Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the court could have properly made its award, then we must affirm the trial court's denial of the motion[.]" Brown v. Trinidad, 111 A.3d 765, 769–770 (Pa. Super. 2015).

Herein, Appellant argues that the trial court abused its discretion in holding that it was "barred from [obtaining rescission of the Agreement of Sale] under the doctrine of election of remedies." Appellant's Brief at 8. Despite the fact that Appellant recovered damages pursuant to its settlement with Allegheny Settlement, Appellant claims that it is still entitled to rescind the Agreement of Sale with the Deutschs because "the remedies are consistent - and together, they will make [Appellant] whole." Id. at 24. We disagree.

"An election of remedies has been defined as the act of choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts." Wedgewood Diner, Inc. v. Good, 534 A.2d 537, 538 (Pa. Super. 1987). The "purpose of the doctrine of election of remedies is to prevent a windfall or double recovery for a single

injury." Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P., 217 A.3d 1227, 1238 (Pa. 2019) ("Gamesa Energy"); see also Schwartz v. Rockey, 932 A.2d 885, 892 (Pa. 2007) (citation omitted) ("The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, or to alternative remedies, but to prevent double recoveries or redress for a single wrong.")

There are two aspects of the doctrine of election of remedies: procedural and substantive. Gamesa Energy, 217 A.3d at 1238. The "procedural issue . . . relates to whether a party is prevented from pleading and pursuing inconsistent claims in a civil action." Id. In general, the doctrine does not prevent a party from "plead[ing] and attempt[ing] to prove [alternate] causes of action seeking damages through inconsistent remedies supported by the same factual scenario." Id. at 1239. It does, however, prevent a party from making a "'binding' election of one remedy" and thereafter, "maintaining an action on those inconsistent remedies." Id. at 1238-1239. A "'binding' election occurs when there has been a legal resolution, such as a settlement." Id. at 1239.

The "substantive application of the election of remedies doctrine operates to bar windfall judgments or otherwise duplicative recoveries resulting from a single injury." Id.

> Logically, as the particular facts and circumstances of a case, including the conduct of the parties, are relevant in determining which claims fail or succeed, they are also relevant in determining which one of any inconsistent remedies is the appropriate award. To the extent a claimant's conduct may bar recovery of one or

- 7 -

> more remedies, the election of remedies doctrine is instructive: within the context of contract law, the victim of a material breach must elect either to rescind the contract and recover restitution of what has been paid, or, to continue the contract, treat the breach as partial, and seek recovery of its damages for the breach. See 25 Am. Jur. 2d Election of Remedies § 25 and 17A Am. Jur. 2d Contracts § 710; accord Umbelina [v. Adams, 34 A.3d 151, 157] (Pa. Super. 2011) (explaining claims for contract rescission and contract damages for breach of the same contract are essentially inconsistent remedies; "[o]ne may not terminate contractual obligations and seek the return of his consideration based upon the other party's promise through an action for rescission and restitution and at the same time seek the full benefits of that promise through an action for breach.").

Id. at 1239-1240.

Herein, Appellant sought damages against Allegheny Settlement while simultaneously seeking to rescind the Agreement of Sale with the Deutschs. Appellant, therefore, sought inconsistent relief. See Wedgewood Diner, Inc., 534 A.2d at 538 (explaining that remedies are inconsistent because "an equitable remedy involves a disaffirmance of the contract and a restoration of the status quo; whereas, the recovery of damages, which is a legal remedy, involves an affirmance of the contract. A party who has been defrauded can either rescind the contract or he can affirm the contract and recover damages. To allow him to do both would be to allow a double remedy for the same wrong."). While the doctrine of election of remedies does not prevent Appellant from seeking such inconsistent relief, it does foreclose a "double recovery for a single injury." Gamesa Energy, 217 A.3d at 1238. This is true even if "the remedies are pursued against different [parties.]" Wedgewood Diner, Inc., 534 A.2d at 538. Contrary to Appellant's claim,

Appellant sought redress for a single injury: the purchase of the Property without the benefit of the Rental Inspection Report. Thus, even though the parties from which Appellant sought relief were different, the injury remained the same. Accordingly, because Appellant made a "'binding' election" by entering into the settlement agreement with Allegheny Settlement, Appellant could not seek to rescind the Agreement of Sale and recover the purchase price from the Deutschs. See Gamesa Energy, 217 A.3d at 1239. Because we conclude that Appellant was barred from rescinding the Agreement of Sale, we affirm the trial court's denial of Appellants motion for JNOV.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2020