**John W. JACOBS, Appellant,**

v.

**Rosemarie JACOBS, Appellee.**

**Rosemarie Jacobs, Appellant,**

v.

**John W. Jacobs, Appellee.**

**Rosemarie Jacobs, Appellee,**

v.

**John W. Jacobs, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 2005.
Filed Sept. 20, 2005.

---

Nora F. Blair, Harrisburg, for John Jacobs.

Karen L. Semmelman, Harrisburg, for Rosemarie Jacobs.

BEFORE: DEL SOLE, P.J., JOYCE and KLEIN, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 John J. Jacobs ("Husband") appeals two orders of court dated September 15, 2004, adopting the report and recommendations of the special master in divorce and an order dated March 24, 2000, imposing a sanction upon Husband for discovery violations. Rose Marie Jacobs cross-appeals, raising issues related to the resolution of her support and counsel fee claims. We affirm.

¶ 2 Husband and Rose Marie Jacobs ("Wife") were married in 1974 and separated in 1998. Their only child was born in 1989. Husband filed for divorce, and Wife subsequently sought child and spousal support. As the parties moved toward the entry of a divorce decree, a special master

was appointed to make recommendations with regard to equitable distribution of the marital estate. A long, torturous history of proceedings ensued, complicated, in large part, by large sums of money given to Husband by his uncle ("Uncle"). In an effort to determine exactly how much money Husband had received, Wife engaged in discovery processes. Husband repeatedly refused to cooperate, and as a result, the equitable distribution proceedings were unable to progress.

¶ 3 In an effort to move the proceedings along, Wife sought to compel Husband into compliance with a Motion for Sanctions. On March 24, 2000, after Husband and Husband's counsel failed to appear at the presentation of the Motion, the trial court entered an order characterizing the contents of certain bank accounts as gifts from Uncle to Husband, determining how much Husband will inherit from Uncle and how much he will receive in life insurance proceeds upon Uncle's death, and assigning values to business interests held by Husband with Uncle. The total of these amount exceeded seven million dollars. The order also provided that Husband pay Wife's attorneys' fees, costs and expenses related to the discovery process from June 30, 1999, through the date of the Motion for Sanction, March 9, 2000.

¶ 4 A master's hearing was eventually held, at which time Husband renewed his refusal to procure the financial documents Wife had requested. The master employed the figures established by trial court in its March 24, 2000, order, and filed a report and recommendations. Both parties filed exceptions. The trial court denied Husband's exceptions and granted Wife's exceptions in part, which resulted in the matter being remanded to the master in order to supplement the report. The master filed her supplemental report, and both parties filed exceptions to that as

well. The trial court then entered its ruling, dismissing Husband's exceptions and denying Wife's exceptions. Final orders on the economic claims were then entered, and Husband pursued this appeal. He presents the following questions for our review:

> Was it an abuse of discretion to enter sanctions against [Husband] where said sanctions were not based on actual data and the amounts set forth in the sanctions order grossly overstate Husband's assets and income?

> Was it an abuse of discretion to continue to use the amounts set forth in the sanctions order where the record clearly indicates that the amounts were grossly overstated?

> Was it an abuse of discretion for the master to use the internet to gather information regarding assets of the case but not to determine the value of stocks after an almost two year delay from hearings to decision during which time September 11, 2001 occurred?

> Should Husband's appeal be quashed?

Brief for Appellant at 7.

¶ 5 Wife cross-appealed, raising the following issues:

> The trial court erred in the application of the Supreme Court case of *Humphreys v. DeRoss,* [567 Pa. 614,] 790 A.2d 281 (Pa.2002) since the March 24, 2000 Order of Court specifically found that [Husband] received interest from property from his uncle as gifts and such gifts are clearly not inheritance. The trial court erred in not properly determining [Husband's] income for support purposes in contravention of the statutory definition of income and appellate case law interpretation of income since under existing law, all of the sources of funds received by [Husband] per the March 24, 2000 Order must be included as income attributable to him

for purposes of determining his support obligation.

The trial court erred in not directing [Husband] to pay all or the majority of the counsel fees, costs and expenses (including paralegal fees, which are a legitimate expense) [Wife] incurred to litigate the matter, especially when she was forced to borrow funds from her parents to fund such expenses.

Brief for Appellee at 4–5.

■ ¶ 6 Before addressing the merits of this appeal, we must address Wife's motions to quash. Wife asks this Court to quash Husband's appeal for failure to follow proper procedure in perfecting this appeal in the court below, for improperly raising claims on appeal, and for failure to adhere to the Pennsylvania Rules of Appellate Procedure, which failure she alleges caused her undue hardship and prejudice in preparing her position in this matter. We understand Wife's position, but we decline to grant the relief she seeks.

¶ 7 "This Court has held that the rules of appellate procedure are 'mandatory, not directing' and it is within our discretion to dismiss an appeal when the rules of appellate procedure are violated. However, if the failure to comply with the rules of appellate procedure does not impede review of the issues or prejudice the parties, we will address the merits of the appeal." *White v. Owens–Corning Fiberglas Corp.* 447 Pa.Super. 5, 668 A.2d 136, 141 (1995) (internal citations omitted). We find this to be the case here. In response to Wife's allegations of prejudice, we commend her skillful work, which has produced a comprehensive brief that allows us to review all of the issues. Thus, although Husband has failed to strictly abide by the rules of appellate procedure, we also deny Wife's other two motions to quash. We note that Husband's failure to properly perfect his appeal by complying with the York County rule which requires that a notice of appeal be filed not only with the Prothonotary but also with the Domestic Relations Office does not merit quashal. An appeal is perfected upon the timely filing in the Prothonotary's office and payment of the applicable fees, Pa.R.A.P. 905; the failure of an appealing party to take any other step will not affect the validity of the appeal. Pa. R.A.P. 902.

■ ¶ 8 That said, we move to the merits of this appeal and find that Husband's first issue lacks merit. The decision whether to sanction a party for the failure to comply with a discovery order, and the degree of that sanction, are within the discretion of the trial court. *Philadelphia Contributionship Ins. Co. v. Shapiro,* 798 A.2d 781 (Pa.Super.2002). This Court will disturb such a sanction only where the trial court has abused its discretion. *Id.* The propriety of the sanction is determined by examining: (1) the prejudice caused to the opposing party and whether that prejudice can be cured; (2) the defaulting party's willfulness or bad faith in failing to comply with the order; (3) the number of discovery violations, and; (4) the importance of the precluded evidence in light of the failure. *Hein v. Hein,* 717 A.2d 1053 (Pa.Super.1998).

¶ 9 Here, the record is rife with examples of Husband's willful and deliberate refusal to comply with the discovery orders, including his own admission that he would not comply. It is clear that he adopted this position at the beginning of the litigation and stuck with it through all of the proceedings. The prejudice this refusal caused Wife is substantial; the assets for which Husband refused to provide information are the very heart of the action. This information was of the utmost importance, and so Husband's repeated refusal to comply was a most defiant move.

¶ 10 When a party fails to permit discovery or to obey an order regarding discovery, a court may, upon motion, refuse to allow the disobedient party to support or oppose claims and/or defenses or prohibit the disobedient party from introducing certain evidence or testimony. *Hutchison v. Luddy,* 417 Pa.Super. 93, 611 A.2d 1280 (1992). Here, Husband refused to permit discovery and willfully defied discovery orders. The trial court assigned values to the assets based upon the evidence received from Wife, and ordered that these values be used by the master in the proceedings. It did so to prevent Husband from delaying this matter any further. The trial court gave Husband numerous chances to comply, and each opportunity was ignored. Husband was given many opportunities to prove the true value of these assets, but he continually declined to do so.[1] For these reasons, we find that the trial court did not abuse its discretion in sanctioning Husband in the manner in which it did.

¶ 11 Husband next argues that it was error for the trial court to continue to use the values it assigned in the March 24, 2000, order "where the record clearly indicates that the amounts were grossly overstated." Brief for Appellant at 7. Husband's entire discussion of this issue is 11 lines long and is completely lacking authority or argument in support thereof. Accordingly, we find this issue to be waived. *See Estate of Haiko v. McGinley,* 799 A.2d 155 (Pa.Super.2002).

¶ 12 Husband also argues that the special master erred in relying on information gathered by the master through her own research on the Internet. Husband did not raise this issue in his Statement of Matters Complained of on Appeal, and so we find it to be waived. *See Lobaugh v. Lobaugh,* 753 A.2d 834 (Pa.Super.2000).

¶ 13 Having disposed of all of Husband's issues, we address the issues raised by Wife in her cross-appeal. Our review of a support order is narrow, and we may disturb the trial court's determination only upon the finding of an abuse of discretion or insufficient evidence to sustain the award. *Samii v. Samii,* 847 A.2d 691 (Pa.Super.2004).

¶ 14 Wife's first two issues are, at their essence, a challenge to the trial court's application of *Humphreys v. DeRoss,* 567 Pa. 614, 790 A.2d 281 (2002), to the assets involved here. In *Humphreys,* our Supreme Court held that the corpus of an inheritance shall not be attributed to an obligor for purposes of those support obligations. In reaching this conclusion, the Court examined the definition of income as set forth in the Domestic Relations Code. Noting that it was first defined as "compensation for services", the Court concluded that the expansive language that followed ("... including but not limited to ...") applied only to compensation received in exchange for services. *Id.* Finding no way to define an inheritance as compensation for services, the Supreme Court found that it is excluded from income for support purposes. *Id.* In reaching this conclusion, the Supreme Court noted that an intact family would more likely use an inheritance for savings, investment or capital purchases rather than for daily living expenses. *Id.* This rationale supported the conclusion that an inheritance should not be attributable to a party in a support action as income.

---

1. At the master's hearings, Husband repeatedly refused to discuss these items, saying only that he was not permitted to discuss assets deriving from Uncle's estate as per the terms of the trusts under which they were founded.

¶ 15 We find the issue here to be analogous. A gift is not given in exchange for services, so it does not fit into the statutory definition of income. Accordingly, the corpus of a gift cannot be considered in the calculation of income for support purposes. In so finding we also conclude that gifts may not be properly considered in the same way as lump-sum awards, which the courts of this Commonwealth have consistently found to be includable as income to a support obligor. In those instances, the awards are used in large part to fund day-to-day living expenses. A gift, such as those at issue here, would be treated by a family in much of the same way an inheritance would; it would be used for savings, investment, or capital expenditures. For that reason, we find that a gift is to be considered in the same manner as an inheritance, pursuant to *Humphreys*. In the instant matter, the trial court so treated the gifts, and we find no error in that determination.

¶ 16 This pronouncement does not end our examination. *Humphreys* further provides that the corpus of an inheritance shall be considered for purposes of deviation from a support award. In light of our holding here, we find that the corpus of a gift shall too be considered in determining whether to deviate from the presumptive support obligation. *See Humphreys*, 790 A.2d at 287–88 (citing Pa.R.C.P. 1910.16–5). Reviewing the record, we find that such consideration was given to the gifts; the trial court increased the support award by $1,000 per month in consideration thereof. Accordingly, we find that the trial court did not err.

¶ 17 Finally, we address Wife's issue concerning counsel fees. Counsel fees are awarded at the trial court's discretion, and we will disturb such an award only upon the finding of an abuse of that discretion. *Marra v. Marra*, 831 A.2d

1183 (Pa.Super.2003). Factors to consider in such an award are the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the distribution of property at equitable distribution. *Anzalone v. Anzalone*, 835 A.2d 773 (Pa.Super.2003).

¶ 18 Here, Wife was awarded a total of $50,000 in counsel fees. Of this figure, $40,000 was awarded in conjunction with the March 24, 2000, order imposing sanctions on Husband. It is Wife's position that the trial court erred in awarding this amount when her total fees were more than triple that amount. In light of the factors outlined above, we find that the trial court did not abuse its discretion in awarding only $50,000 in counsel fees. While Husband is able to pay, Wife continues to work and was awarded 60% of the marital estate in equitable distribution. The trial court's determination is supported by the record, and we find no abuse of discretion therein.

¶ 19 Orders affirmed.