J-S45002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH SKUNDRICH, | |
| Appellant | No. 2010 WDA 2014 |

Appeal from the Judgment of Sentence of November 6, 2014
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0002199-2011

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 28, 2016**

Appellant, Ralph Skundrich, appeals from the judgment of sentence entered on November 6, 2014 in the Criminal Division of the Court of Common Pleas of Butler County following his jury trial convictions for rape – forcible compulsion,[1] burglary,[2] two counts of involuntary deviate sexual intercourse – forcible compulsion,[3] indecent assault – forcible compulsion,[4]

_____

[1]  18 Pa.C.S.A. § 3121(a)(1).

[2]  18 Pa.C.S.A. § 3502(a).

[3]  18 Pa.C.S.A. § 3123(a)(1).

[4]  18 Pa.C.S.A. § 3126(a)(2).

*Retired Senior Judge assigned to the Superior Court

and terroristic threats with intent to terrorize another.[5]  As we are without jurisdiction over this untimely appeal, we quash.

A jury convicted Appellant of the foregoing charges, which arose from a sexual assault upon the complainant in her home at night.  The trial court sentenced Appellant to an aggregate term of 382 to 764 months' incarceration.  Appellant filed no post-sentence motions.  This appeal followed.

Before we review Appellant's claims, we must address the timeliness of his appeal, as it implicates our jurisdiction.  This Court acquires jurisdiction when a litigant files a notice of appeal within 30 days of a final order. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 903(a).  This is a fundamental prerequisite of this Court's jurisdiction and we strictly construe it.  ***Commonwealth v. Reibow***, 445 A.2d 1219, 1220 (Pa. Super. 1982).  If an appeal is untimely, we lack jurisdiction to hear it and must quash.  ***Wrecks***, 934 A.2d at 1289.

Generally, an appellate court cannot extend the time for filing an appeal.  ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence."); ***see also***, Pa.R.A.P. 105(b).  We may only hear an untimely appeal in the case of fraud or a breakdown in the

_____

[5]  18 Pa.C.S.A. § 2706(a)(1).

administrative operations of the courts. ***Bass v. Commonwealth***, 401 A.2d 1133, 1135 (Pa. 1979). A breakdown in the judicial system occurs where an administrative body acts negligently or improperly or misleads a party. ***Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County***, 746 A.2d 581, 584 (Pa. 2000). Negligence of an appellant, an appellant's counsel, or counsel's agent is not a sufficient excuse. ***Bass***, 401 A.2d at 1135.

The trial court sentenced Appellant on November 6, 2014. Appellant filed no post-sentence motions. Criminal Docket, at 6-9. Accordingly, he had 30 days from November 6, 2014 to file a timely notice of appeal. Pa.R.A.P. 903(a). That period ended December 8, 2014.[6] Appellant's notice of appeal is date-stamped on December 9, 2014. Therefore, this appeal is facially untimely.

In a response to our order to show cause why we should not quash this appeal as untimely, counsel averred that he caused Appellant's notice of appeal to be served on the clerk of courts and the district attorney on December 5, 2014. Reply Letter to Show Cause Order, 2/18/15, at 1. Counsel also attached to the response Appellant's notice of appeal, which states "Respectfully submitted this the 5th day of December, 2014." ***Id.*** at

_____

[6] Thirty days after November 6, 2014 – December 6, 2014 – was a Saturday. Therefore, Appellant had until Monday, December 8, 2014 to timely file a notice of appeal. 1 Pa.C.S.A. § 1908.

2.   Additionally, the official record includes a certificate of service for the notice of appeal, which also states that service occurred on December 5, 2014.  Notice of Appeal, 12/9/14.  However, the time-stamp on Appellant's notice of appeal shows that it was filed on December 9, 2014.  **_Id._**  Counsel asserts that an unspecified clerical error caused Appellant's notice of appeal to be time-stamped and docketed on the later date.  Reply Letter to Show Cause Order, 2/18/15, at 1; Appellant's Brief at 26.

"An appeal is perfected upon the timely filing in the Prothonotary's office."  **_Jacobs v. Jacobs_**, 884 A.2d 301, 305 (Pa. Super. 2005); **_see also_**, Pa.R.A.P. 905.  The date stamp applied by the clerk's office on the notice of appeal constitutes the date when the appeal was taken.   Pa.R.A.P. 905(a)(3).  In other circumstances, we have held that the date of mailing or service indicated on a document is not definitive for purposes of timeliness. **_See, e.g., Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc._**, 88 A.3d 222, 228 (Pa. Super. 2014) (Gantman, J., concurring) (date of service recited in concise statement is not necessarily definitive for purposes of timeliness); **_In re Estate of Boyle_**, 77 A.3d 674, 675 (Pa. Super. 2013) (concise statement untimely on its face where signature line and accompanying certificate of service were dated September 10, 2012 but time-stamp and docket entry reflect filing date of September 20, 2012); **_see also_**, **_Commonwealth v. Matsinger_**, 68 A.3d 390, 393 (Pa. Cmwlth. 2013)

(time-stamp held to be controlling on the question of timeliness when a certificate of service recites a different date).

Appellant does not offer independent evidence to prove that the date specified in his certificate of service is the correct date of filing. **See** Reply Letter to Show Cause Order, 2/18/15, at 1; Appellant's Brief at 26. Therefore, the date on which the clerk's office docketed and time-stamped Appellant's notice of appeal governs our assessment of timeliness. **Jacobs**, 884 A.2d at 305. Because that date fell outside the 30-day appeal period, this appeal is untimely.

If Appellant could prove that the clerk's office neglected its duty to accurately record the filing date of his notice of appeal, then cause may exist to excuse his untimeliness. Such negligence or impropriety would constitute an "administrative breakdown" in the operation of the courts. **See Union Electric Corp.**, 746 A.2d at 584. However, Appellant neither pleads nor proves this extraordinary circumstance, and it is not apparent from the record. Accordingly, this appeal is untimely and we must quash for lack of jurisdiction. **Wrecks**, 934 A.2d at 1289.

In the alternative, Appellant argues that if this appeal is untimely because of the ineffective assistance of counsel, then we should entertain his claims as a matter on collateral relief. It is well-settled that an unjustified failure to file or perfect a requested appeal "falls beneath the range of competence demanded of attorneys in criminal cases" and creates the

presumption that counsel was ineffective.  ***Commonwealth v. Lantzy***, 736 A.2d 564, 571-572 (Pa. 1999).  However:

> A petitioner has no right to a *nunc pro tunc*[7] appeal outside the [Post Conviction Relief Act (PCRA)] to restore direct appeal rights lost due to ineffectiveness of counsel. [O]ur Supreme Court held that the PCRA provides the sole means for restoration of direct appeal rights. ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) ("by its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief.").

***Commonwealth v. Fairiror***, 819 A.2d 396, 397 (Pa. Super. 2002).  To restore his direct appeal rights, Appellant must follow the procedures set forth in the PCRA; we cannot grant collateral relief in the context of an untimely direct appeal over which we lack jurisdiction.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016

_____

[7] "The term *nunc pro tunc* means 'now for then.'  It is a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.*, with the same effect as if regularly done.  Thus, reinstatement of direct appeal rights *nunc pro tunc* denotes that [an appellant] now has the same direct appeal rights as he would have had in the beginning." ***Commonwealth v. Wright***, 846 A.2d 730, 735 (Pa. Super. 2004).