J-S11004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN J. DELBIANCO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE G. GARBOWSKY | : | |
| | : | |
| Appellant | : | No. 585 WDA 2021 |

Appeal from the Order Dated April 9, 2021
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD 16-009506-005

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED:  May 3, 2022**

Eugene Garbowsky ("Father") appeals from the Allegheny County Court of Common Pleas' order dismissing his petition for modification of child support as a result of his failure to comply with discovery orders. We affirm.

Father and Karen Delbianco ("Mother") entered into a divorce settlement agreement in 2017. Under that agreement, Father is to pay $1400 in child support per month for his and Mother's child, S.G. On February 11, 2020, Father filed a petition to modify the amount of child support, claiming an alleged reduction in income from a karate studio he owned and operated.

A support modification conference was held on July 13, 2020. Father failed to produce documentation substantiating his allegation of a reduction in income, and the case was declared complex. The court ordered Father to schedule a complex support hearing within ten days, or risk dismissal of his

modification petition. While Father did not timely comply with that order, he did eventually comply and a complex support hearing was scheduled for November 18, 2020.

Mother served Father with discovery requests that were due by October 29, 2020. Father failed to provide the requested discovery, and accordingly, the court continued the hearing until April 12, 2021. Father did eventually provide answers to Mother's first set of interrogatories and requests for production of documents but "those [a]nswers were wholly insufficient." Trial Court Opinion, 9/16/21, at 2.

Mother filed a motion to compel discovery, averring that Father's answers to the first set of interrogatories were "beyond grossly deficient" and that Father had failed to produce documents outlined in the discovery chart which itemized Mother's discovery requests. In an order dated March 8, 2021, the trial court granted Mother's motion.[1]

The March 8, 2021 order specifically directed Father to provide full and complete responses to Mother's discovery requests, including "all missing items on the discovery chart," by March 15, 2021. Trial Court Order, 3/8/21, single page. The order also explicitly provided Father with notice that his

_____

[1] Neither Mother's motion to compel discovery nor the trial court's order dated March 8, 2021 appear to have been included in the certified record sent to this Court. However, Father provided both the motion to compel as well as the order dated March 8, 2021 in the reproduced record sent to this Court and there is no dispute as to their content.

failure to strictly comply with the order could result in dismissal of his modification petition, retroactive to the date of its filing, as well as the award of counsel fees to Mother in the amount of $750. The order also contained a paragraph acknowledging Father's averment that he had supplemented his answers and provided documents to Mother as of March 5, 2021. However, the court found Father had failed to "itemize his response to address the individual deficiencies alleged in [Mother]'s motion to compel." *Id.*

Following the issuance of this order, Father still did not provide full and complete discovery. Although he filed an amended answer to Mother's first set of interrogatories and first request for production of documents, that amendment continued to object to a large portion of Mother's discovery requests. Mother therefore filed a second motion to compel discovery. Father filed a reply to Mother's motion, in which he again averred that he had provided responses and documents to Mother via email on March 3, 2021, and then via mail on March 5, 2021.[2]

In response to Mother's motion, the court entered an order dated April 9, 2021. In that order, the court specifically found Father had failed to provide full and complete discovery as directed by the court's order dated March 8,

_____

[2] Again, neither Mother's second motion to compel discovery nor Father's reply to that motion appear to have been included in the certified record sent to this Court. However, Father provided both the second motion to compel discovery as well as his reply to that motion in the reproduced record sent to this Court and there is no dispute as to their content.

2021. The court therefore dismissed Father's petition for modification of support, retroactive to its filing, canceled the complex support hearing, and ordered Father to pay $750 for Mother's counsel fees.

Father filed a notice of appeal. In his court-directed 1925(b) statement of errors complained of on appeal, Father raised 11 errors he alleged the court made in issuing its April 9, 2021 order dismissing his petition for modification and doing so without holding a hearing. In its 1925(a) opinion, the trial court called those 11 claims "specious." Trial Court Opinion, 9/16/21, at 2. It then concluded that it had not abused its discretion in dismissing Father's modification petition for his noncompliance with the discovery requests and orders. In support, the court explained Father had shown a "lack of responsiveness throughout this litigation" and that any discovery responses Father had provided were wholly insufficient. **_Id._** at 2. For example, the court noted that in the purported "Income Statement" portion of Father's pretrial statement, the only figure Father supplied was "1,000." **_See id._**

The court also pointed out that its March 8, 2021 order compelling discovery explicitly warned Father that if he did not provide full and complete discovery, as ordered, it could result in dismissal of his petition for modification. The court also defended its decision to dismiss the petition without first holding the complex support hearing:

> Father failed abjectly, for over a full year, to provide any financial information upon which Mother could reasonably assess or rebut Father's claims of reduced income. Having failed to comply with the court's Orders compelling complete interrogatory answers,

- 4 -

Father presumably intended to either 'wing it' at the Hearing with respect to satisfying his burden of proof, or intended to 'spring' upon both [Mother] and the Hearing Master some hitherto undisclosed form of documentary evidence substantiating his claims. This would have been extremely prejudicial to Mother and to the Hearing Master, and a waste of the administrative resources of this court. By repeatedly failing to comply in any meaningful way with pretrial discovery requests and Orders, Father's own inactivity and noncompliance obviated the need for a hearing.

*Id.* at 3.

In his brief to this Court, Father once again lists the same 11 alleged errors with the April 9, 2021 order that he raised in his 1925(b) statement. "For judicial economy purposes," he then divides those 11 issues into three categories which he identifies as: 1) issues "related to the trial court's abuse of discretion on matters of discovery," 2) issues "related to "the trial court's judgment being exercised as manifestly unreasonable," and 3) the "trial court's lack of an evidentiary hearing." Appellant's Brief at 11.

In his first category of issues, Father essentially argues the trial court erred by dismissing his modification petition as a sanction for his discovery violations. This argument has no merit.

The decision of whether to sanction a party for the failure to comply with a discovery order, and the severity of that sanction, are both subject to the discretion of the trial court. *See Jacobs v. Jacobs,* 884 A.2d 301, 305 (Pa. Super. 2005). This Court will only disturb such a sanction where it is shown that the trial court abused its discretion. *See id.* While a trial court may order the dismissal of an action as a consequence for discovery violations, it may

only do so where the violations of the discovery rules are willful and the opposing party has been prejudiced. ***See Rohm and Haas Co. v. Lin***, 992 A.2d 132, 142 (Pa. Super. 2010).

Here, Father asserts that dismissal of his modification petition was improper because Mother was not prejudiced by any discovery violations and in fact, Father had not committed any discovery violations. Father avers he provided the requested discovery documents when he supplemented his answers and forwarded a list of documents to Mother's counsel a few days prior to the court's entry of its motion-to-compel order dated March 8, 2021. The trial court, however, soundly rejected this argument:

> As the [court] noted in [its March 8, 2021] Order, Father's assertions that, as of March 5, 2021, he had 'supplemented' his answers and that Mother was in possession of all documents requested were not accompanied by any itemized response to the deficiencies noted by Mother's counsel. No such itemized full and complete response has been provided to date.

Trial Court Opinion, 9/16/21, at 3.

Father does not dispute the trial court's finding or allege he provided an itemized response. Instead, in support of his argument, Father points to a single page in the reproduced record. That page is an email Father's counsel sent to Mother's counsel on March 3, 2021, which lists certain documents in the subject line which are said to be attached to the email. Father does not elaborate on what those documents were, or how they related to the discovery chart, much less how they fulfilled or completed his discovery obligations. As such, Father has not shown the trial court abused its discretion by finding he

had repeatedly failed to give full and complete discovery responses, and that his modification petition should be dismissed on that basis.

In his second category of issues, to which Father assigns three of his claims, Father asserts the trial court's ruling was manifestly unreasonable. In support, he offers the following:

> [T]he judgment exercised was manifestly unreasonable, as the Trial court ordered the Motion to Modify terminated retroactive to February 12, 2020, rather than November 12, 2020. [Father] argues that [Mother] was provided an opportunity to cross examine Father on the record before [the special master]. All parties had full knowledge of all income on that date during the hearing, which was conducted on the record. Consequently, [Mother] cannot argue that she was prejudiced.

Appellant's Brief at 16.

As Father's argument is not only unclear but woefully undeveloped, we find that the three claims enveloped in Father's second category of alleged errors are waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived). Even if we were to overlook waiver, we see no reason to conclude, under the circumstances present here, that the court's ruling was manifestly unreasonable.

In his third and final category, Father includes several claims challenging the court's failure to hold a hearing prior to dismissing his modification petition and imposing attorney fees. However, in his argument section, Father only

discusses attorney fees. In doing so, he cites generally to Rules of Civil Procedure that do not appear to apply to this case. He then claims the trial court erred in awarding counsel fees as there is no record to support such an award. However, he then states that where "the record is officially developed, the Appellate Court may substitute its judgment for the trial court and decide the case on the merits," and urges this Court to do so here. Appellant's Brief at 17-18 (citation omitted). All in all, Father's argument is misaligned with his claims, underdeveloped and internally inconsistent. We therefore find that the claims comprising his third category are waived. **See Johnson**, 985 A.2d at 924. Even if the claims were not waived, we see no abuse of discretion in the trial court's decision not to hold a hearing, as set forth in the court's explanation above. **See also Hein v. Hein**, 717 A.2d 1053, 1056 (Pa. Super. 1998) (stating that "neither notice nor a hearing is a necessary prerequisite to the imposition of sanctions" for discovery violations). No relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2022