J-A10005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| TED TYLER HAYS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICIA LYNN KELLY | : | No. 1949 EDA 2022 |

Appeal from the Order Entered July 6, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  15-00261, PACSES: 567115183

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 10, 2023**

Ted Tyler Hays ("Father"), *pro se*, appeals from the order dismissing his petition to modify child support for his son, W.K.H. ("Child"), born March 2009, and granting Patricia Lynn Kelly's ("Mother") motion for sanctions and awarding her $21,272.50 in counsel fees and costs.[1] Father argues that the trial court violated his due process rights by not providing him with proper notice of the sanctions hearing; erred in dismissing his motion to modify; erred in awarding Mother counsel fees and costs; erred in finding that Mother's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Here, we will use the parties' names in the caption "as they appeared on the record of the trial court at the time the appeal was taken." Pa.R.A.P. 904(b)(1). Neither party has applied to this Court for the use of initials in the caption. **See** Pa.R.A.P. 904(b)(2); **see also** Pa.R.A.P. 907(a). We will, however, refer to the minor involved in this child support dispute by his initials or as "Child" to protect his identity.

motion for sanctions was unopposed; and erred in finding he was in willful contempt of the trial court's order. We affirm.

Mother and Father had Child in March 2009. The parties were never married. In March 2015, Mother filed a complaint for child support. The trial court entered an interim child support order, directing Father to pay $4,160 per month plus $200 per month toward arrears. Following a protracted history, the parties stipulated to a support order in May 2017, under which Father was ordered to pay $5,200 per month in child support, and pay 100% of Child's school tuition, school clubs, summer camps, and therapy. The parties also agreed that Father's net monthly income was $42,500 and Mother's net monthly income was $3,000.

On April 7, 2020, Father filed a petition to modify his child support, arguing that his income had decreased due to the Covid-19 pandemic. Mother filed a motion seeking to designate this matter as complex because Father owned multiple businesses, he was not forthcoming about his net income, and she could not calculate such income without discovery. The trial court granted the motion and the parties were authorized to utilize all discovery procedures. Mother sent a request for documents, and indicated responses be provided within 10 days. Father failed to respond.

Mother filed a motion seeking to compel Father to provide discovery responses. The trial court scheduled a hearing on the motion for December 22, 2021. Notably, the day prior to the hearing, Father provided over 3,000

heavily redacted documents to Mother. Nevertheless, following the hearing, at which Father did not appear, the trial court granted Mother's motion. The trial court ordered Father to provide full and complete unredacted responses within 10 days or suffer the imposition of sanctions, organize his responses and documents consistent with Mother's discovery requests, answer questions contained in Mother's discovery request, and verify both his responses and document production.

Mother sent her discovery requests to Father. Father produced some responses to the questions in Mother's discovery request, but did not substantively answer her questions or provide additional or unredacted documents. As a result, on March 2, 2022, Mother filed a motion for sanctions, alleging Father violated the trial court's December 22, 2021 order. Mother sought a finding that Father's income had not decreased, Father be precluded from opposing her positions, Father be prohibited from introducing evidence, and Father be held in contempt and ordered to pay her counsel fees and costs. Father filed an answer to the motion.[2] On April 5, 2022, the trial court scheduled a hearing on the motion for sanctions for July 6, 2022.

On July 5, 2022, Father sent an email to the trial judge's chambers and requested a continuance of the July 6, 2022 hearing. The trial court denied

_____

[2] According to the trial court, Father's answer was mistakenly docketed on the parties' custody docket. **See** Trial Court Opinion, 12/2/22, at 4.

the request that same day, and offered Father the opportunity to participate at the motion hearing by telephone. Father did not respond to this offer and subsequently failed to appear at the hearing, despite the trial court's attempt to reach him two times by telephone. Following the hearing held in Father's absence, the trial court found Father had failed to appear despite proper notice and failed to present any evidence or argument at the hearing. Accordingly, the trial court granted the motion for sanctions, finding Father to be in willful contempt of the December 22, 2021 order, dismissing his petition to modify child support for violation of the court's discovery order, and awarding Mother counsel fees and costs in the amount $21,272.50. Father filed a timely appeal and a Pa.R.A.P. 1925(b) concise statement.

On appeal, Father raises the following questions for our review:

1. Did the Trial Court err when it violated Father's due process rights by failing to provide proper notice of the July 6, 2022 hearing?

2. Did the Trial Court err in completely dismissing Father's support action especially when [Mother] never specifically requested that the support action be dismissed in its entirety?

3. Did the Trial Court err in awarding over twenty-one thousand dollars ($21,000) in attorney fees and costs to Mother?

4. Did the Trial Court err when it found that Mother's Motion for Sanctions was unopposed even though Father submitted a timely brief in opposition?

5. Did the Trial Court err in finding that Father was in "willful contempt" without permitting him to defend himself?

Father's Brief at 2-3.

In his first claim, Father argues that the trial court violated his due process rights by failing to give him proper notice of the July 6, 2022 hearing. *See id.* at 11, 14, 18. According to Father, he received notice of the hearing a few days prior, despite contacting the trial court on multiple occasions regarding whether a hearing had been scheduled. *See id.* at 11-12, 16-17.

Father contends that he relied on the trial court's statements that no hearing had been scheduled and planned a work retreat in Oregon where he would have no cell phone reception on the date of the hearing. *See id.* at 12-13. Father asserts that upon learning of the hearing, he emailed the trial court and the trial judge's secretary responded that she was did not realize that there were two separate dockets related to the parties and that she would tell the trial judge about the confusion. *See id.* at 14; *see also id.* at 17-18 (highlighting the trial court had staffing issues and noting that the trial court failed to forward the record to this Court in a timely manner).

Father disputes that he received the April 2022 notice of the hearing and argues that he would not have repeatedly contacted the trial court had he received the notice. *See id.* at 15-16. Father further highlights that the trial court had previously granted him the right to take Child to Oregon with him in July, establishing that it knew about his trip. *See id.* at 17 n.6. Father seeks reversal of the order and a new hearing on his motion to modify. *See id.* at 18.

"A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." ***S.T. v. R.W.***, 192 A.3d 1155, 1160 (Pa. Super. 2018) (citation omitted). The fundamental components of due process are "[f]ormal notice and an opportunity to be heard[.]" ***Id.*** at 1161 (citation and emphasis omitted). "[P]rocedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." ***Id.*** (citation omitted). "Due process is flexible and calls for such procedural protections as the situation demands." ***Id.*** (citation omitted).

The trial court addressed Father's argument as follows:

> Father's claim that he lacked notice of the hearing fails because he had approximately ninety (90) days advance notice of the July 6, 2022 hearing. The motion for sanctions was filed on March 2, 2022[,] and although not specifically required in domestic relations cases, Father filed his answer on March 14, 2022. The order scheduling the July 6th hearing was issued on April 5, 2022[,] and the order was mailed by the [trial c]ourt to Father at his address of record. There is no indication anywhere in the record that Father was unaware of the motion for sanctions or that he was not provided with sufficient notice. Therefore, Father was provided adequate notice and he was provided the opportunity to be heard at the scheduled July 6, 2022.

> Despite allegedly not having notice of the July 6, 2022 hearing, Father requested a continuance of the hearing on July 5, 2022. This continuance request was expressly denied and the denial was specifically communicated in writing to both Father and Mother's record counsel on the same date upon which Father's request was received. In lieu of a continuance, Father was offered the opportunity to participate in the hearing telephonically, but he failed to avail himself of this accommodation. On the day of the hearing, Father did not contact chambers or the courtroom,

- 6 -

despite having an approximate four-hour window, as the hearing was listed for 9:00 a.m., but the [trial c]ourt did not actually call the case until after 1:00 p.m. Despite Father never indicating that he would testify by telephone, the [trial c]ourt nevertheless called Father's phone twice on the hearing date, but each time the [trial c]ourt's call went to his voicemail. …

Therefore, the [trial c]ourt appropriately proceeded with the July 6, 2022 hearing as Father had sufficient notice, he was aware that his continuance request was denied, and he failed to participate telephonically despite being offered this accommodation. Although not required, the [trial c]ourt took the further step of attempting to secure Father's participation in the hearing by calling him twice on the date of the hearing. Based upon the record in this matter, Father's claim that he was deprived of due process is meritless.

Trial Court Opinion, 12/2/22, at 7-8.

We agree with the sound reasoning of the trial court. Here, Father does not cite any case law to support his claims. *See Foster v. Nuffer*, 286 A.3d 279, 284 n.2 (Pa. Super. 2022) ("Failure to cite relevant legal authority constitutes waiver of the claim on appeal." (citation omitted)); *see also* Pa.R.A.P. 2119(a). In fact, Father fails to substantiate any of his bald allegations that he contacted the trial court regarding hearing dates with any supportive evidence or citation to the record. Moreover, Father does not dispute that the trial court had the correct address when it mailed the notice of the hearing on April 5, 2022. Therefore, Father has not established that his due process rights were violated, as he had notice of the hearing, was provided the opportunity to be heard, and was granted the opportunity to defend himself over the phone.

- 7 -

In his second claim, Father argues that the trial court erred by dismissing his modification of child support petition as a sanction for his discovery violations. **See** Appellant's Brief at 18-24. Father repeats that the dismissal was outrageous in light of his lack of notice of the hearing. **See id.** at 19. Father also asserts that Mother never sought such a remedy in her motion for sanctions nor filed a motion to dismiss. **See id.** at 18-19, 24. According to Father, the trial court dismissed the action on its own accord and schemed with Mother's counsel to find the reasons to dismiss. **See id.** at 22-23. Father maintains he provided the requisite documents to Mother, noting that some of his companies do not file their own tax returns, and he only redacted sensitive company information. **See id.** at 19-21. Father contends that a single narrow discovery dispute should not have been the basis to dismiss a support action that had been pending for over two years. **See id.** at 21.

The decision of whether to sanction a party for the failure to comply with a discovery order, and the severity of that sanction, are both subject to the discretion of the trial court. **See Jacobs v. Jacobs**, 884 A.2d 301, 305 (Pa. Super. 2005). This Court will only disturb such a sanction where it is shown that the trial court abused its discretion. **See id.** A trial court may order the dismissal of an action as a consequence for discovery violations. **See Rohm and Haas Co. v. Lin**, 992 A.2d 132, 142 (Pa. Super. 2010); **see also** Pa.R.C.P. 4019(c)(3) (authorizing the trial court to enter a default judgment

against a party who fails to comply with the trial court's discovery orders). In examining the propriety of a trial court's sanction, we must determine: "(1) the prejudice caused to the opposing party and whether that prejudice can be cured; (2) the defaulting party's willfulness or bad faith in failing to comply with the order; (3) the number of discovery violations, and; (4) the importance of the precluded evidence in light of the failure." **Jacobs**, 884 A.2d at 305 (citation omitted).

In August 2021, Mother sent Father a request for the production of documents. Father did not respond to this request. Subsequently, on September 24, 2021, Mother filed a motion to compel Father's response. **See** Motion to Compel, 9/24/21. On December 22, 2021, the trial court granted Mother's motion to compel and ordered Father to provide "full and complete, unredacted, responses, without objection … within ten (10) days of the date of this Order or suffer imposition of sanctions as the Court may direct." Order, 12/22/21, at 1 (unnumbered). Notably, on December 21, 2021, Father had provided Mother with 3,000 documents, many of them highly redacted. On January 24, 2022, Father provided supplemental discovery responses, which, in part, clarified Father's ownership of corporate entities, but did not meet the requirements listed in the December 22, 2021 order.

On March 2, 2022, Mother filed a motion for sanctions, alleging Father violated the December 22, 2021 order by failing to answer discovery requests. **See** Motion for Sanctions, 3/2/22, at 1-5. Mother requested that the trial court

find that Father's income had not decreased, Father was precluded from opposing Mother's arguments, and Father be prohibited from introducing any further evidence or documents. ***See id.*** at 4. Mother also sought reasonable counsel fees and costs. ***See id.***

Initially, contrary to Father's claims, Mother specifically requested that the trial court find that Father's income had not decreased and prevent Father from presenting any evidence at the hearing, which would in effect deny Father's modification petition. Furthermore, Father has failed to establish, through any relevant citation to case law, that the trial court abused its discretion in dismissing his modification petition based upon his discovery violation. ***See*** Pa.R.A.P. 2119(a); ***see also Jacobs***, 884 A.2d at 305.

Father does not dispute that he repeatedly failed to fully comply with his discovery obligations and trial court's order directing him to supply answers to Mother. Additionally, Father's failure prejudiced Mother, as the discovery requests were critical to determining whether Father's income decreased and implicated her ability to defend against his claims in such a complex support manner, which involved Father's high income and multiple business entities and assets. ***See Samii v. Samii***, 847 A.2d 691, 695 (Pa. Super. 2004) (stating that the moving party seeking a modification of child support has the burden of proving a material and substantial change through competent evidence); ***see also Summers v. Summers***, 35 A.3d 786, 789 (Pa. Super. 2012) ("The burden of demonstrating a material and substantial

change rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion." (citation and quotation marks omitted)). Notably, Father does not cite any evidence he provided to Mother to establish his income actually decreased. As such, Father has not shown the trial court abused its discretion by finding he failed to give full and complete discovery responses to Mother, in contravention of the trial court's order, and that his modification petition should be dismissed on that basis.

In his next claim, Father contends that the trial court erred in awarding Mother attorney's fees and costs, totaling $21,272.50. *See* Father's Brief at 24, 26. Father notes that Mother merely sought attorney's fees and costs related to the presentations of the motion to compel and motion for sanctions. *See id.* at 24-25. According to Father, the amount of fees for these two motions is reckless. *See id.* at 26.

Father waived this claim. Critically, at the time the trial court imposed the attorney's fees and costs, Father failed to object to the amount sought, or on any other basis. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). In any event, even if Father had preserved this claim, we would conclude that it is without merit based upon the trial court's sound reasoning:

> At the July 6, 2022 hearing, Mother's counsel provided the [trial c]ourt with a detailed certification of counsel fees and expenses totaling $21,272.50 from September 25, 2020[,] to July 6, 2022. In addition to reasonable counsel fees, Mother represents that she

- 11 -

incurred $2,500.00 in costs in retaining a forensic accountant (which is not included in counsel's certification and which was not awarded in the sanctions order) to assist her in deciphering the complexity of Father's documents. **See** N.T., 7/6/2022 at 13; **see also**, Certification of Counsel Fees, Costs and Expenses of Petitioner.

It is evident that Mother's election to engage counsel and a forensic accountant to assist her in navigating this complex support matter was a reasonable decision. Father presented no evidence or argument to dispute the necessity or reasonableness of Mother's counsel fees or expenses in this complex case. The [trial c]ourt's award of reasonable counsel fees and expenses was appropriate, especially in light of the complexity of Father's finances and, most prominently, Father's unwillingness to comply with discovery requests and the subsequent court order compelling discovery.

Trial Court Opinion, 12/2/22, at 13. Therefore, we would conclude Father's third claim is without merit. **See Harcar v. Harcar**, 982 A.2d 1230, 1234 (Pa. Super. 2009) (stating that attorney fees may be awarded as a sanction to compensate the contemnor's adversary for injuries resulting from noncompliance with a court order).

In his fourth claim, Father contends that trial court erred in finding Mother's motion for sanctions was unopposed. **See** Father's Brief at 27. Father argues that despite his unavailability at the hearing, he filed a brief in opposition to Mother's motion, which the trial court ignored. **See id.** Father explains that he produced nearly 3,000 pages of documents related to his personal finances, which only contained minor redactions of sensitive corporate information. **See id.** at 27-28. Father claims that despite his

response, the trial court committed reversible error in finding he filed no opposition to the motion. *See id.* at 28.

Here, the trial court found Mother's motion was unopposed based upon Father's failure to appear at the hearing in any capacity. *See* Trial Court Opinion, 12/2/22, at 14. Father has not established, through any reasoned analysis or citation to case law, why this finding by the trial court, despite the fact he filed a response, constitutes reversible error. *See* Pa.R.A.P. 2119(a). Moreover, Father does not dispute he failed to present any testimony or evidence to counter Mother's claims at the hearing. Therefore, we cannot grant Father relief on this claim.

In his final claim, Father contends that the trial court erred in finding him in "willful contempt" of the court's prior order directing him to produce documents because he was not allowed to defend himself at the hearing. *See* Father's Brief at 28-29, 31. Father repeats that he was unaware that the hearing was not continued and argues he lacked any intent to skip the hearing. *See id.* at 29-30, 31. Father asserts that any contempt finding relating to the trial court's December 22, 2021 order must also fail because he had produced 3,000 documents the day before the entry of the order and issued supplemental discovery responses following the entry of the order. *See id.* at 30.

"When considering an appeal from an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is

- 13 -

narrow: we will reverse only upon a showing the court abused its discretion."

*Harcar*, 982 A.2d at 1234 (citation omitted).

> In order to sustain a finding of civil contempt, the complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which [he] is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

*Id.* at 1235 (citation omitted).

Here, as noted above, Father failed to comply with the trial court's December 22, 2021 order, which directed him to produce full and complete responses to Mother's request for production of documents, organize his responses and documents, and answer any questions contained in Mother's request. *See* Order, 12/22/21, at 1-2 (unnumbered). Father does not dispute that he had notice of the December 22, 2021 order. Father simply filed a response that purportedly cleared up any confusion of the companies he owned without substantively fulfilling any other requirements of the order. Moreover, Father has not established how his failure to appear at the July 6, 2022 hearing renders the contempt finding invalid. Again, Father rehashes his claim that he did not have notice of the hearing and the trial court erred in holding the hearing. As noted above, we reject such a claim. Therefore, the trial court did not abuse its discretion in finding Father in contempt of the December 22, 2021 order. *See Harcar*, 982 A.2d at 1235.

In light of the foregoing, we affirm the trial court's order dismissing his petition to modify child support and granting Mother's motion for sanctions.

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2023