J-S28018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELENA BELOGOLOVSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD GITTER | : | No. 1332 MDA 2024 |

Appeal from the Order Entered August 16, 2024
In the Court of Common Pleas of Union County Civil Division at No(s):
18-90051

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 10, 2026**

Elena Belogolovsky ("Mother") appeals *pro se* from the August 16, 2024 order, entered in the Court of Common Pleas of Union County, making final the court's prior interim order which, *inter alia*, granted a petition to terminate child support filed by Leonard Gitter ("Father").[1]  We affirm.

"The parties are former spouses.  Their marriage lasted less than one year, and they separated when their child, A.G. (Child) (born June 2017), was five months old."[2]  ***Gitter v. Belogolovsky***, 315 A.3d 97 (Pa. Super. 2024) (non-precedential decision), *appeal denied*, 318 A.3d 94 (Pa. 2024).  "This

---

[1] Consistent with Pa.R.A.P. 904(b)(2) of our appellate rules, we have used the parties' full names in the caption because the trial court, in this custody matter, used the parties' full names in its caption and no one has asked that we use only the initials of the litigants.  ***See*** Pa.R.A.P. 904(b)(2).

[2] We note, in sympathy, that the Child passed away in March 2024.  As will be discussed ***infra***, the current dispute concerned support retroactive from September 1, 2022 until the date of the Child's death.

custody and support litigation began in late 2017." ***Id.*** (footnote omitted). Father resides in Lakeland, Florida, while Mother resides in Lewisburg, Pennsylvania, which has added to "this protracted litigation." ***Id.***

> In February 2020, the parties' settlement agreement effectively granted Mother primary physical custody, and allowed Father to exercise all of his partial custody in Florida. As Child neared primary school age, [however,] both parties sought primary physical custody. In January 2021, Father filed a modification petition for primary custody, and, in March 2021, Mother filed her modification petition. The trial court granted Father's petition. On August 11, 2022, the court entered a custody order, granting the parties shared legal custody and granting Father primary physical custody. ***See*** Order, 8/21/22. [Thereafter, Father filed a motion for termination of support on August 29, 2022 and Mother filed a motion for modification of support on September 2, 2022. Mother, however, appealed the August 11, 2022 order, which caused the trial court to enter a stay in the aforementioned matters.
>
> Ultimately, on appeal,] this Court remanded to the trial court to supplement its best interest analysis with consideration of the Section 5337(h) child custody factors. ***See*** 23 Pa.C.S.A. § 5337(h). We also stated that "[w]ithin [30 days] of the date the record is remitted, the trial court shall enter a new custody order; the trial court shall delineate its reasons for the award in accordance with Section 5323(d)." ***L.J.G. v. E.B.***, [2023 WL 4044173 *1, *9] (Pa. Super. [2023]) ([non-precedential decision)]. Additionally, we ordered that the August 11, 2022 custody order remain in effect as a temporary order. ***Id.*** Mother filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied, ***see L.J.G. v. E.B.***, 303 A.3d 704 (Pa. 2023), and she also filed an appeal in this Court seeking recusal of the trial judge, which, by judgment order, this Court quashed. ***Gitter v. Belogolovsky***, [2023 WL 5321015 *1] (Pa. Super. 2023) ([non-precedential decision]) (stating: "This case having been remanded to the trial court by way of this Court's Order and Memorandum Opinion filed June 16, 2023, and there being no merit to the argument that the trial court should recuse, this appeal is hereby quashed so that the matter may return to the trial court for a determination in accordance with the June 16, 2023 remand with instructions.").

Mother sought reconsideration, which was denied on October 2, 2023. On November 29, 2023, President Judge Hackenberg complied with this Court's remand order, filed a supplemental opinion, and reinstated the August 11, 2022 custody order as a final order. Mother did not appeal this order.

**Belogolovsky v. Gitter**, 2024 WL 728746 *1, n.2. (Pa. Super. 2024) (non-precedential decision).

Thereafter, following other appeals in this matter, the Union County Domestic Relations Office conducted a support hearing on May 30, 2024, attempting to resolve Father's request to terminate his support obligation, as well as Mother's request to modify support, both of which were lodged in 2022.

Based on the conference officer's recommendation, [the trial court] entered an [o]rder on June 13, 2024, as follows:

1. Granting [Father's] petition for [termination] filed August 31, 2022, as it had been determined that [Father] was awarded primary physical custody of [the Child] beginning on August 8, 2022, and [Mother] had less than 50[%] of the physical custody time with the minor child.

2. Terminating the [o]rder dated May 4, 2022, effective August 31, 2022. As support was no longer warranted, [Mother's] petition for modification . . . [was] dismissed.

3. Remitting an overpayment in the amount of $24,651.73, which [Father] did not wish to pursue.

4. Refunding [Appellant] overpayments made in the amount of $43,987.24.

5. Marking the case terminated and ended.

On July 8, 2024, [Mother] filed a demand for a hearing *de novo*. [The trial court conducted a *de novo* hearing on August 16, 2024. On that day, the trial court] affirmed its [June 13, 2024 order. This timely appeal followed].

- 3 -

Trial Court Opinion, 11/12/24, at 2-3 (unnecessary capitalization omitted).

Mother raises the following issues for our consideration:

1. [Whether the trial court] committed an error of law and an abuse of discretion in failing to consider **Colonna v. Colonna**, 855 A.2d 648 (Pa. 2004) [in terminating Father's support obligation?]

2. [Whether the trial court] committed an error of law and an abuse of discretion in failing to apply an upward deviation to the support order by:

   i.   [F]ailing to apply Rule 1910.16-5(b)(5), which requires the trier-of-fact to consider both parties' relative assets and liabilities when determining whether to deviate from basic child support;

   ii.  [F]ailing to consider that Mother's loans are liabilities;

   iii. [F]ailing to let Mother [] present evidence and testimony about her loans;

   iv.  [F]ailing to consider that Mother was unemployed since October 2020;

   v.   [F]ailing to examine parties' expense statements[;]

   vi.  [F]ailing to conduct a required thorough determination of the Child's] actual reasonable needs . . . and a mandatory complete and independent review of the evidence when ruling on exceptions[;]

   vii. [F]ailing to consider that the August 11, 2022 order by [the Honorable] Lori Hackenberg, which was a death sentence for the minor child, not only imposed an extraordinary financial burden on [] Mother, forcing her to bear the costs of traveling to Florida to see her only child while still covering living expenses in Pennsylvania, but also made it impossible for her to maintain employment due to the mandated custody schedule.    The financial burden included hotel accommodations, airfare, luggage fees, car rentals, gas, dining out, parking fees at Harrisburg airport, entertainment costs for the [C]hild and more.

viii. [F]ailing to consider the evidence in this case [which] clearly demonstrates the vastly different standards of living between Mother and Father.  Father, with an annual income exceeding $1,630,000[.00] in 2022 and $1,606,000[.00] in 2023, enjoyed a lavish lifestyle and residence, while Mother was unemployed since October 2020 and does not own a home or an apartment.

ix. [F]ailing to consider any factors of Pa.R.C.P. 1910.16-5(b)

3. [Whether the trial court] committed an error of law and an abuse of discretion in failing to recuse[?]

Mother's Brief at 3-4.

Mother's first two issues challenge the trial court's order granting Father's petition to terminate support and denying Mother's petition to modify support.  We will address these claims together.

This Court previously stated:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order.  An abuse of discretion is not merely an error of judgment; [rather,] if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias[,] or ill will, discretion has been abused.

**Brickus v. Dent**, 5 A.3d 1281, 1284 (Pa. Super. 2010) (citation omitted).

Moreover, this Court

must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations.  In addition, with

- 5 -

regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and[,] thus[,] viewed the witnesses first hand.

When the trial court sits as fact[-]finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009) (internal citations and quotation marks omitted); *see also E.R.L. v. C.K.L.*, 126 A.3d 1004, 1006 (Pa. Super. 2015) ("The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.") (citation and quotation marks omitted).

In *Colonna v. Colonna*, 855 A.2d 648 (Pa. 2004), our Supreme Court determined that, if there is a significant "disparity in the parties' incomes," a parent with primary physical custody may still be obligated to provide child support to the non-custodial parent. *Id.* at 651. In such a situation, our Supreme Court held that it is "an abuse of discretion for the trial court to fail to consider whether deviating from the support guidelines is appropriate" if "the incomes of the parents differ significantly." *Saunders v. Saunders*, 908 A.2d 356, 359 (Pa. Super. 2006), *citing Colonna*, 855 A.2d at 652.

In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider:

(1) unusual needs and unusual fixed obligation;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) assets of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children;

\*\*\*

(9) other relevant and appropriate factors, including the best interests of the child or children.

*Colonna*, 855 A.2d at 652, *citing* Pa.R.C.P. 1910.16–5(b). The High Court further directed,

[in cases where there is a substantial disparity in parental income], the trial court should inquire whether the non-custodial parent has sufficient assets to provide the children with appropriate housing and amenities during his or her period of partial custody. We specifically note that the term "appropriate" does not mean equal to the environment the children enjoy while in the custodial parent's care, nor does it mean "merely adequate." The determination of appropriateness is left to the discretion of the trial court, upon consideration of all relevant circumstances.

*Id.*

On appeal, Mother challenges the trial court's decision to grant Father's request to terminate his support obligation, thereby denying Mother's demand for continued child support and an upward deviation from the Support Guidelines. In support of her claim, Mother argues that the trial court failed to consider the vast disparity between the parties' income, Mother's unemployed status, as well as the parties' various expense statements. Mother also alleges that the trial court failed to conduct a thorough inquiry into the Child's reasonable needs. In addition, Mother argues that the trial

- 7 -

court erroneously considered the personal loans provided to Mother through friends and family, which Mother claims amounted to $73,000.00, as assets, not liabilities. We disagree.

The certified record supports the trial court's determination. First, in contrast to Mother's claims, in considering whether deviation from the Support Guidelines was appropriate, the trial court considered the factors set forth in Rule 1910.16-5(b). **See** Trial Court Opinion, 11/12/24, at 9. In addition, the trial court considered all of the evidence submitted by the parties, including the parties' 2022 and 2023 tax returns and income/expense statements. **See id.** at 6. The trial court found that Mother's testimony regarding her income and expenses lacked credibility. These determinations were supported by the record, which showed that Mother refused to answer financial inquiries and received substantial gratuitous transfers from friends and family.

Second, the court considered whether Mother, as the non-custodial parent, possessed "sufficient assets to provide for the [Child] with appropriate housing and amenities during [Mother's] periods of partial custody." **Id.** at 5, citing **Colonna**, 855 A.2d at 652. In so doing, the trial court explicitly determined that Mother's "assets" included $730,000.00 in "gifts from friends and family" and that "deviation was not warranted because of those gifts." Trial Court Opinion, 11/12/24, at 6. The certified record supports the trial court's conclusion. Indeed, we note that Mother did not, at any point during the August 16, 2024 hearing, contend that she was provided with $73,000.00, rather than $730,000.00 by friends and family. **Compare** Mother's Brief at

10 (asserting that the "correct amount" was $73,000.00). To the contrary, at the *de novo* hearing, the hearing officer, Lemey Feese, specifically testified that Mother previously indicated that "she was the recipient of many loans from family and friends totaling at least $730,000[.00]." N.T. Hearing, 8/16/24, at 42. Mother did not contest Ms. Feese's statement or provide any evidence to the contrary. Ms. Feese also testified that, during the support hearing, Mother "told [her] there were no repayment terms" for the money received by Mother from her friends and family. ***Id.*** at 44. Again, Mother did not present any evidence to the contrary. Hence, the trial court "made a credibility determination that the approximately $730,000[.00] received by [Mother] from friends and family without any repayment terms were gifts and not loans." Trial Court Opinion, 11/12/24, at 7. We are bound by the trial court's credibility determinations. ***See Mackay***, 984 A.2d at 533 (explaining that an appellate court must defer to the trial court's credibility determinations). We further note that the record and our case law supports the trial court's conclusion. ***See Suzanne D. v. Stephen W.***, 65 A.3d 965, 970 (2013) (holding that the trial court's credibility determination that the payments provided to the father were gifts had record support). Because the evidence presented, which Mother did not provide any evidence or testimony to dispute, supported the trial court's decision that Mother had the ability to provide the Child with appropriate assets and amenities, we discern no abuse of discretion. ***See Jacobs v. Jacobs***, 884 A.2d 301, 307 (Pa. Super. 2005)

(holding that a gift may be considered as a reason for deviating from the child support guidelines).

Finally, we note that, in contrast to Mother's claims, the trial court correctly determined that an upward deviation from the Support Guidelines was not supported by the evidence presented during the August 16, 2024 *de novo* hearing. Trial Court Opinion, 11/12/24, at 9. While Mother questioned Father regarding his standard of living, Mother refused to provide any evidence or testimony regarding her own living standard or financial situation. *See* N.T. Hearing, 8/16/24, at 60-61 (Mother: refusing to answer questions regarding her savings accounts); *id.* at 63 (Mother: refusing to answer questions regarding a stock sale; *id.* at 74 (Mother: refusing to answer whether she moved to Israel). It is apparent, therefore, that Mother would like the trial court, as well as this Court, to "simply grant [her, as the] non-custodial parent[,] child support [because] there is[, in her unsubstantiated view,] a significant disparity in income." *Saunders*, 908 A.2d at 362. This is contrary to our case law. *See id.*; *see also Colonna*, 855 A.2d at 652 (holding that "a parent with primary custody **may** be ordered to pay child support to a parent with partial custody" but the court must consider "all relevant circumstances" in making such a determination) (emphasis added). Because Mother failed to provide any evidentiary support for her position and because the trial court's determination bears record support, we discern no abuse of discretion in its decision to terminate Father's

support obligation and, in turn, deny Mother's request for modification of support.

We turn to Mother's final appellate claim, in which she alleges the trial court abused its discretion by failing to recuse itself. This claim is waived because Mother failed to raise a timely objection before the trial court. ***Bowman v. Rand Spear & Assocs., P.C.***, 234 A.3d 848, 862 (Pa. Super. 2020) ("A party seeking recusal must assert specific grounds in support of the recusal motion before the trial judge has issued a ruling on the substantive matter before him or her."). Instead, Mother first raised this issue in a motion for reconsideration, filed on September 13, 2024, after the relevant hearing. Because this claim is waived, we will not consider the merits thereof. ***See Commonwealth v. Rominger***, 199 A.3d 964, 976-977 (Pa. Super. 2018) (holding that a defendant who raised the issue of recusal in a post-sentence motion waived his claim).

Order affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/10/2026

- 11 -